UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

KARRI DALTON as the Personal Representative
of the Estate of NIKKI BASCOM, deceased, and
Next Friend to M.B., a minor child,
and A.C., a minor child,

      Plaintiff,

v.                                                                 Civ. No. 17-1143 WJ/GJF

TOWN OF SILVER CITY, ex rel. SILVER CITY
POLICE DEPARTMENT, et al.,

      Defendants.

## ORDER GRANTING MOTION TO STAY

This matter is before the Court upon Grant County *ex rel.* Grant County Sheriff's Department, Deputy Jacob Villegas, Sergeant Frank Gomez, and Deputy Adam Arellano's ("County Defendants'") Motion to Stay Proceedings Pending Outcome of County Defendants' Motion for Summary Judgment ("Motion"), filed on April 16, 2018. ECF No. 30. Plaintiffs responded on April 30, 2018. ECF No. 35. The County Defendants filed their Reply on May 1, 2018. ECF No. 36. Having reviewed the Motion and accompanying briefing, and being otherwise fully advised, the Court will **GRANT** the Motion.

**I.    BACKGROUND**

Plaintiffs filed their First Amended Complaint in the 6th Judicial District Court of the State of New Mexico on November 15, 2017. ECF No. 1, Ex. 2. Defendants removed Plaintiffs' First Amended Complaint to federal court on the same day. ECF No. 1. Plaintiffs allege that Defendants protected Silver City Police Captain Mark Contreras, "allowing him to stalk, threaten, and abuse Nikki [Bascom] with impunity and depriving her of her constitutional rights[,]" by facilitating "Contreras's unlawful access to Nikki's home and treat[ing] her reports

1

differently than they would any similar complaints by citizens fortunate enough not to be in a relationship with a police officer." ECF No. 1, Ex. 2 at 2.

The County Defendants filed their Motion for Summary Judgment based on qualified immunity on April 13, 2018. ECF No. 29. As is often done in civil rights cases, the County Defendants separately moved to stay all proceedings in this case until the motion to dismiss has been decided. *See* County Defs.' Mot. to Stay, ECF No. 30.

## II. STATUS OF THE LAW

"Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The Supreme Court has repeatedly highlighted the broad protection that this defense provides and has stressed that it protects officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 200 (2001). Because qualified immunity protects against the burdens of discovery as well as trial, the Supreme Court has also emphasized that trial courts should resolve the issue before discovery if at all possible. *See Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *accord Jones v. City and Cnty. of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988).

As a consequence, the Tenth Circuit holds that when defendants file a dispositive motion based on qualified immunity, they are ordinarily entitled to a stay of discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan,* 958 F.2d 332, 336 (10th

Cir. 1992). Moreover, once a single defendant raises the issue of qualified immunity in a dispositive motion, discovery for all defendants should generally be stayed. *See Iqbal*, 556 U.S. at 685-86.

## III. ANALYSIS

The Court finds that a stay of proceedings as to all defendants is appropriate. The County Defendants have raised a qualified immunity defense. The Court is unpersuaded that this case should be excluded from the general rule that, when a defendant files a motion asserting the defense of qualified immunity, he is entitled to a stay of discovery.

Plaintiffs argue that the protection from discovery that arises from the stay "is designed to benefit the public official, not the municipality that employs the public official." Pls.' Resp. 1, ECF No. 35. Consequently, although Plaintiffs do not oppose a stay of discovery as it relates to the individual defendants, Plaintiffs assert that "[t]here is no authority for the proposition that Grant County receives the benefits of the stay of discovery[,]" and that Plaintiffs have "the right to conduct discovery to rebut Grant County's claim to summary judgment." *Id*. at 2. Plaintiffs request permission to conduct discovery with respect to Grant County "while the motion for qualified immunity is pending" because their planned deposition of the Grant County Sheriff will further inform their contention that "Grant County had a policy or a 'custom and practice' of allowing trespassers to remain in a home over a homeowner's objection, contrary to New Mexico law." *Id*. at 2-5.

The County Defendants counter by arguing that the Tenth Circuit has concluded that "when qualified immunity is raised as a defense, there is a narrow right to discovery limited to the issue of qualified immunity. . . . any such discovery must be tailored specifically to the immunity question. The plaintiff is required to demonstrate how discovery will raise a genuine

fact issue as to [the defendants'] qualified immunity claim." Defs.' Reply 3-4, ECF No. 36 (quoting *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1385-87 (10th Cir. 1994) (alteration in original) (citations and quotation marks omitted)). The County Defendants also highlight case law from this district recognizing that "after *Iqbal*, the law is clear that discovery should be stayed upon assertion of qualified immunity, even for those defendants not asserting the defense." Defs.' Reply 5 (quoting *Tenorio v. Pitzer*, No. CIV 12-1295 JCH/KBM, 2013 WL 12178001 at *3 (D.N.M. July 27, 2013)).

Further, Plaintiffs did not file a motion seeking discovery under Rule 56(d). Rule 56(d) permits a party to identify by affidavit or declaration "facts essential to justify its opposition" to a summary judgment motion which the party cannot yet present. FED. R. CIV. P. 56(d). If a party properly does so, the Court may defer considering the motion, deny it, allow additional time for the "essential" discovery to occur, or issue any other appropriate order. *Id*. In the context of discovery where a qualified immunity defense has been raised, use of the Rule 56(d) mechanism preserves the protection of qualified immunity by preventing "broad-reaching" discovery, but permitting limited discovery which may be necessary when the doctrine is asserted in a motion for summary judgment on contested factual assertions. *See Crawford-El v. Britton*, 523 U.S. 574, 600 n.20 (1998) ("The judge does, however, have discretion to postpone ruling on a defendant's summary judgment motion if the plaintiff needs additional discovery to explore 'facts essential to justify the party's opposition.'") (quoting FED. R. CIV. P. 56(d)).[1]

In this case, in addition to failing to file a motion seeking discovery under Rule 56(d), Plaintiffs do not explain why deposing the Grant County Sheriff would "raise a genuine fact issue as to [the defendants'] qualified immunity claim." *See Cole*, 43 F.3d at 1387 (alteration in

---

[1] To the extent that Plaintiffs' response to the motion to stay can be construed as a request for relief under Rule 56(d), the Court will deny it without prejudice for failure to conform to the "affidavit or declaration" requirement of that Rule.

4

original). Especially because qualified immunity is not available to entity defendants like Grant County, *see Owen v. City of Independence, Mo.*, 445 U.S. 622, 638 (1980), it does not appear to the Court that Plaintiffs' deposition of the Grant County Sheriff regarding the County's customs and practices would raise a genuine fact issue as to the individual County Defendants' qualified immunity claim. Plaintiffs' lack of explanation is fatal to their argument that they should be permitted to conduct discovery with respect to Grant County while the County Defendants' Motion for Summary Judgment is pending.

## IV. CONCLUSION

For the foregoing reasons, the County Defendants' Motion is **GRANTED**, and discovery and all deadlines set forth in the Court's Order Setting Deadlines [ECF No. 16] are **STAYED** pending the Court's ruling on the County Defendants' Motion for Summary Judgment [ECF No. 29].

**IT IS SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE