IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

KARRI DALTON as the Personal Representative of the
Estate of NIKKI BASCOM, deceased, and Next Friend to
M.B., a minor child, and A.C., a minor child,

       Plaintiff,

       v.                                                 Case No. 17-cv-1143 WJ-GJF

TOWN OF SILVER CITY, ex rel.
SILVER CITY POLICE DEPARTMENT,
GRANT COUNTY, ex rel.
GRANT COUNTY SHERIFF'S DEPARTMENT,
SILVER CITY POLICE CHIEF ED REYNOLDS,
CAPTAIN RICKY VILLALOBOS,
THE ESTATE OF MARCELLO CONTRERAS,
DEPUTY JACOB VILLEGAS, DEPUTY FRANK GOMEZ,
and DEPUTY ADAM ARELLANO,

       Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S OPPOSED MOTION FOR EXTENSION OF PAGE LIMITS FOR THEIR RESPONSE BRIEF TO DOCUMENT 29 AND EXHIBITS THERETO**

THIS MATTER comes before the Court upon Plaintiff's Opposed Motion for Extension of Page Limits for Their Response Brief to Document 29 and Exhibits Thereto (**Doc. 41, filed 5/11/18**). Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiff's Motion is well-taken, and is, therefore, **GRANTED IN PART** as to the number of exhibits requested, **and otherwise DENIED** as to the specific number of pages requested.

Plaintiff has requested leave to exceed the twenty-four-page response brief limit and fifty-page exhibit limit, so that he may file an additional twenty-one pages of briefing, and an

1

additional thirty-three pages of exhibits. Doc. 41. Plaintiff contends that forty-five pages of briefing and eighty-three pages of exhibits are necessary to fully respond to Defendants' Motion for Summary Judgment (Doc. 29). Plaintiff attached the extended response and exhibits to the Motion. Docs. 41-1, 41-2. Defendants have indicated that they are not opposed to a reasonable extension of an additional twelve pages of briefing and additional twenty-five pages of exhibits. Defendants maintain that the excess material Plaintiff plans to submit will not assist the Court's decision making and will be unduly time-consuming for all parties, including the Court.

Pursuant to D.N.M.LR-Civ. 7.5, motions are limited to twenty-seven pages, response briefs are limited to twenty-four pages, and reply briefs are limited to twelve pages. As the local rules do not provide for page extensions by agreement between the parties, the requesting party must move the Court for a page extension. Pursuant to D.N.M.LR-Civ. 10.5, exhibits attached to briefs are limited to fifty pages, but the parties may agree amongst themselves to extend the exhibit limit without leave from the Court. The district court has discretion to restrict filings and briefs, as long as such restraint does not impose "an unreasonable limitation on the information available to the court" in reaching its decision. *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1228 (10th Cir. 2003); *see also United States v. Nacchio*, 555 F.3d 1234, 1250 (10th Cir. 2009).

Defendants reference the factors in *Navajo Health Foundation—Sage Memorial Hospital, Inc. v. Burwell*, 110 F. Supp. 3d 1140, 1181–82 (D.N.M. 2015) (Browning, J.), in support of their response. While the *Burwell* analysis is not binding on this Court, some of the factors are helpful for consideration on this issue. First, the Court considers the fact that Defendants oppose Plaintiff's request, and that Defendants have extended a generous offer to Plaintiff to not oppose an additional twelve pages of briefing. Defendants did not request an extension for pages or exhibits. Additionally, the Court notes that the issues in this case are not unusually complex for a

case of this nature, and are issues that the page limits imposed by the local rule are designed to encompass. Finally, the extended brief submitted by Plaintiff as an exhibit contains information that is cumulative, both in the "Response to Defendants' 'Undisputed' Material Facts" section and in the "Additional Material Facts" section, such that numerous facts are repeated. It is apparent to the Court that if Plaintiff merely tightened the language and presentation of material in the response brief, Plaintiff could easily satisfy a thirty-six-page limit. Furthermore, Plaintiff has included a six-page background section, and while Plaintiff protests that Defendants included a four-page background section, the Court notes that Defendants' Motion was under the page limit. Thus, the Court believes that the offer extended by Defendants to not oppose a thirty-six-page limit embodies a reasonable restriction in this matter, and the Court will accordingly allow Plaintiff to file an additional twelve pages of briefing, for thirty-six pages total. As Plaintiff's counsel prepares the response brief, the Court encourages Plaintiff's counsel not to lose focus on the concept of brevity.

Regarding the exhibits, however, the Court finds that the information contained in the attached depositions, police reports, affidavits, and the like, is useful to the Court's decision making at the summary judgment stage. Fed. R. Civ. P. 56(c). As such, the Court will grant leave to Plaintiff to file the full eighty-three pages of exhibits.

For these reasons, Plaintiff's Opposed Motion for Extension of Page Limits for Their Response Brief to Document 29 and Exhibits Thereto **(Doc. 41)** is **GRANTED IN PART and DENIED IN PART**. It is further ordered that Plaintiff's response brief is due **TWO (2) WEEKS** from the date of entry of this Order. Defendants' reply is due **TWO (2) WEEKS** after Plaintiff's response brief is filed.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE