UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

KARRI DALTON as the Personal Representative of the
Estate of NIKKI BASCOM, deceased, and Next Friend to
M.B., a minor child, and A.C., a minor child,

    Plaintiffs,

v.                                                                                                        Civ. No. 17-1143 WJ/GJF

TOWN OF SILVER CITY, ex rel. SILVER CITY
POLICE DEPARTMENT, et al.,

    Defendants.

## ORDER GRANTING OPPOSED MOTION TO STAY
## PENDING RESOLUTION OF QUALIFIED IMMUNITY APPEAL

Pending before the Court is the "Opposed Motion to Stay Pending Resolution of Qualified Immunity Appeal" ("Motion") [ECF 113], filed by Defendants Town of Silver City, Ed Reynolds, and Ricky Villalobos. The Motion is fully briefed. *See* ECFs 119 (response), 120 (reply). Because the general rule is that a district court stays all proceedings in a case in which any defendant has taken an interlocutory appeal of the denial of qualified immunity, and there being no sufficiently persuasive reason to deviate from that rule in the instant case, the Court will GRANT the motion.[1]

---

[1] The Court observes that this case is already stayed and has remained so for nearly eleven months. *See* Order Granting County Defendants' Mot. to Stay, ECF 39. This order stayed all discovery and all pending deadlines pending a decision on the County Defendants' Motion for Summary Judgment [ECF 29] that was based in part on qualified immunity. *Id.* at 5. On November 14, 2018, Chief Judge William P. Johnson granted that motion in part and denied it in part. *See* Mem. Op. and Order, ECF 89. On December 4, 2018, Defendant Frank Gomez moved to reconsider that decision to the extent it denied him qualified immunity. *See* Mot. to Reconsider, ECF 96. At a status conference held December 6, 2018, Plaintiff's counsel agreed that the stay should remain in place until Chief Judge Johnson has ruled on the Motion to Reconsider. *See* Clerk's Mins., ECF 98 at 2. As the Motion to Reconsider remains pending, the original stay of all discovery and all deadlines imposed in this case remains in place. Consequently, the Court construes the instant motion to be requesting a *continuation* of the stay with its expiration linked to the Tenth Circuit's decision on the interlocutory appeal.

1

**Relevant Procedural History**

In a Memorandum Opinion and Order [ECF 110] filed March 7, 2019, Chief Judge Johnson granted in part and denied in part the Motion for Partial Summary Judgment filed by Defendants Town of Silver City, Ed Reynolds, and Ricky Villalobos [ECF 59]. As part of the motion, Defendants Reynolds and Villalobos sought the dismissal of certain equal protection and due process claims against them on the basis of qualified immunity. *See* ECF 59 at 28-31. The Memorandum Opinion and Order denied dismissal with respect to the equal protection claim and in so doing rejected the qualified immunity defense. *See* ECF 110 at 20-22.

On March 20, 2019, Defendants Reynolds and Villalobos filed a Notice of Appeal [ECF 112] of the Memorandum Opinion and Order to the extent it denied them qualified immunity on the equal protection claim. On the same day, Defendants Town of Silver City, Reynolds, and Villalobos filed the instant Motion, in which they seek an order staying all proceedings as against all defendants in this case.

**Defendants' Motion**

In their Motion, the Silver City Defendants (hereafter "Defendants") remind the reader that the denial of qualified immunity is an immediately appealable order. *See* Mot. to Stay 1-2. Defendants then contend that their appeal "relates to the *entire action*. . . and divests the District Court of jurisdiction to proceed with *any* part of the action until the qualified immunity appeal is resolved." *Id.* at 2 (citing *Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990)) (internal quotations omitted) (emphasis added). Defendants conclude with a request global in scope: "Given the nature of the qualified immunity defense, these Defendants are entitled to take an immediate interlocutory appeal, and as such, the Silver City Defendants request that *this case* be stayed while that appeal is pending." *Id.* at 3 (emphasis added).

2

**Plaintiff's Response**

In opposing the Motion, Plaintiff makes three principal arguments. First, she asserts that the interlocutory appeal is frivolous, an infirmity that should result in the district court retaining rather than losing jurisdiction over the particular claim being appealed.[2] Pl.'s Resp. 1-2. Second, Plaintiff emphasizes that the only defendants who are even eligible to appeal are the individual defendants – Reynolds and Villalobos – whose qualified immunity invocations were denied. Consequently, the remaining claims against all remaining defendants, particularly the Town of Silver City, remain pending and are and will be unaffected by the ongoing appeal or its eventual result. *Id.* at 2-4. Finally, Plaintiff contends that the Court should deny the stay on the basis of judicial estoppel because Defendants' counsel agreed to litigate an unrelated discovery issue during the originally-imposed stay in these proceedings. *Id.* at 4-6.

**Defendants' Reply**

Relying heavily on *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and its progeny, Defendants argue that the great weight of authority in this district is that an entire case should be stayed when an issue of qualified immunity is pending before this Court or on interlocutory appeal. Defs.' Reply 2-5. Defendants point out that the vast majority of cases cited in Plaintiff's opposition pre-date the *Iqbal* decision and its clear instruction that issues of qualified immunity are important enough such that discovery should be stayed until the issues are resolved. *Id.* at 2-5. In addition, Defendants specifically deny that the interlocutory appeal is frivolous, *id.* at 5-11, or that they are barred by judicial estoppel from requesting the stay. *Id.* at 11-12.

---

[2] In addition to raising frivolousness in her response to the instant Motion, Plaintiff filed a separate Motion to Certify Defendants' Notice of Appeal as Frivolous. ECF 118. That motion awaits full briefing.

**Legal Standard**

"Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The Supreme Court has repeatedly highlighted the broad protection that this defense provides and has stressed that it protects officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery. *See Iqbal*, 556 U.S. at 685; *see also Saucier v. Katz*, 533 U.S. 194, 200 (2001). Because qualified immunity protects against the burdens of discovery as well as trial, the Supreme Court has also emphasized that trial courts should resolve the issue before discovery if at all possible. *See Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991); *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *accord Jones v. City and Cnty. of Denver*, 854 F.2d 1206, 1211 (10th Cir. 1988).

As a consequence, the Tenth Circuit holds that when defendants file a dispositive motion based on qualified immunity, they are ordinarily entitled to a stay of discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992). Moreover, once a single defendant raises the issue of qualified immunity in a dispositive motion, discovery for all defendants should generally be stayed. *See Iqbal*, 556 U.S. at 685-86.

**Analysis**

    *1. This Court Retains Jurisdiction over All Claims Not the Subject of Appeal*

As an initial matter, the Court is obliged to clarify the bounds of its continuing jurisdiction, if for no other reason than to correct a misunderstanding set forth in Defendants' Motion. Defendants contend that their appeal "relates to the *entire action*. . . and divests the District Court of jurisdiction to proceed with *any* part of the action until the qualified immunity appeal is resolved." Defs.' Mot. 2 (citing *Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990)) (internal quotations omitted) (emphasis added).

It is enough to stay that *Stewart* does not reach nearly as far as Defendants attempt to stretch it. *Stewart* makes clear that the filing of a notice of appeal "'is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control *over those aspects of the case involved in the appeal*.'" *Stewart*, 915 F.2d at 575 (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)) (emphasis added). Invoking an earlier Tenth Circuit case, *Stewart* explained: "'[W]hen an interlocutory appeal is taken, the district court [only] retains jurisdiction to proceed *with matters not involved in that appeal*." *Id.* at 576 (quoting *Garcia v. Burlington Northern R.R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987)) (brackets and emphasis in original). Perhaps to drive home the point, *Stewart* emphasized that an order denying qualified immunity only "divests the district court of jurisdiction to proceed with any part of the action *against an appealing defendant*." *Id.* (citations omitted).

Accordingly, this authority establishes that the only claim and the only defendants over whom this Court has temporarily lost jurisdiction is the equal protection claim against Defendants Reynolds and Villalobos. As a matter of law, the proceedings as against them – including any additional discovery – must be stayed pending the outcome of the interlocutory appeal and/or

5

Plaintiff's motion to certify the appeal as frivolous. Notwithstanding Defendants' suggestion to the contrary, this Court retains jurisdiction over all other claims against all other defendants. Whether to stay the proceedings as against all other defendants, therefore, is principally a matter of discretion, not jurisdiction.

      2. *Post-Iqbal, the General Rule Is to Stay All Proceedings Against All Defendants*

The Court incorporates its reasoning from the order it filed overruling Plaintiff's objections and granting the original stay back in May 2018. *See* ECF 39. This Court again affirms its understanding that *Iqbal* clearly implies that proceedings in a case should be stayed when any defendant raises a qualified immunity issue before a district court or files an interlocutory appeal of the denial of qualified immunity. *See Iqbal*, 556 U.S. at 685-86. The Court further agrees that this general rule obtains irrespective whether there are multiple defendants in a particular case, including one or more who cannot or have not also invoked qualified immunity. *See id.* Persuasive case law from this District has recognized that "after *Iqbal*, the law is clear that discovery should be stayed upon assertion of qualified immunity, even for those defendants not asserting the defense." *Tenorio v. Pitzer*, No. CIV 12-1295 JCH/KBM, 2013 WL 12178001 at *3 (D.N.M. July 27, 2013). Plaintiff has not persuaded the Court that it should deviate from *Iqbal*'s rule that once one defendant has asserted qualified immunity, discovery for all defendants should be stayed.[3]

      3. *Staying Proceedings Promotes Sound Case Management*

The Court believes that the temporary continuation of the stay of the proceedings imposed by this Order will best serve the efficient management of this case. The Court sympathizes with Plaintiff's concerns about how long this litigation has been pending and the increasing span of

---

[3] In its discretion, this Court will not address the merits of Plaintiff's contention that the interlocutory appeal is frivolous. That matter is the subject of a separate motion that will be fully briefed and decided in due course. In the event that the presiding judge certifies the appeal as frivolous, Plaintiff may move the Court to reconsider this order and lift the stay.

time from the tragedy that gave rise to it. No doubt Plaintiff's experienced counsel cautioned her that amending her state court lawsuit to add federal claims would work a substantial delay in the resolution of this case, given the virtual certainty of removal to federal court, the ubiquity of motions practice based on qualified immunity, and the specter of interlocutory appeals. *See* Defs.' Notice of Removal, ECF 1 (discussing Plaintiff amending her then-pending state lawsuit to add federal claims).

By invoking 42 U.S.C. § 1983 and seeking money damages from individual defendants, Plaintiff assumed the risk that these defendants might seek to be dismissed on qualified immunity and might take an appeal if they did not obtain the relief they sought from the district court. In addition, by pleading federal claims, Plaintiff further accepted the reality that invocations of qualified immunity normally trigger sometimes lengthy stays of the proceedings while the qualified immunity issues are decided. And these risks were exacerbated in this case, where Plaintiff sought money damages from multiple law enforcement officers in two different agencies represented by different counsel. The prospect of sequential motions accompanied by sequential stays and the possibility of sequential appeals – not to mention all of the associated delay – was occasioned by the manner in which Plaintiff has pleaded her claims.

In the Court's view, it would make little sense to stay the proceedings only as they relate to Defendants Reynolds and Villalobos. Splintering this case at this stage by staying it as to them but allowing it to proceed against the Town of Silver City and the County Defendants would invite dueling scheduling orders and perhaps even separate trials.[4] The Court also is concerned that

---

[4] It is worth remembering that Defendant Frank Gomez has also invoked qualified immunity. His motion to reconsider the partial denial of the same [ECF 89] is fully briefed and awaiting decision. *See* ECFs 96, 99, 102. Defendant Gomez conceivably could appeal if the motion to reconsider is denied, another possible circumstance that counsels against anything other than a stay of the entire case at this juncture.

permitting any part of the case against the Town of Silver City to proceed would require the significant participation by Defendants Reynolds and Villalobos, a discovery burden that the Supreme Court expressly warned against in *Iqbal*. In the final analysis, of the available options, the Court believes that staying all discovery and all pending deadlines against all defendants to be the most prudent.[5]

For the foregoing reasons, **IT IS ORDERED** that Defendants' Opposed Motion to Stay Pending Resolution of Qualified Immunity Appeal [ECF 113] is **GRANTED**. **IT IS FURTHER ORDERED** that all discovery and all pending deadlines in this case are **STAYED** pending the outcome of the appeal.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

---

[5] The Court declines Plaintiff's invitation to deny the stay on the basis of judicial estoppel. By an order filed this same day, the Court has resolved the pending motion to compel [ECF 56] that Plaintiff suggests should form the basis of the estoppel. Consequently, the Court considers Plaintiff's estoppel argument to be moot.