# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

KARRI DALTON,
*as the personal representative of the Estate of Nikki Bascom*,
*And Next Friend to M.B., a minor Child, and*
*A.C., a minor child,*
      Plaintiff,

vs.                                                                                        Case No. 2:17-cv-01143-WJ-GJF

TOWN OF SILVER CITY, GRANT COUNTY,
CHIEF ED REYNOLDS, CAPTAIN RICKY VILLALOBOS,
THE ESTATE OF MARCELLO CONTRERAS,
DEPUTY JACOB VILLEGAS, SGT. FRANK GOMEZ,
AND DETECTIVE ADAM ARELLANO,

      Defendants.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT GOMEZ'S MOTION FOR RECONSIDERATION and DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE REPLY

THIS MATTER comes before the Court upon Defendant Sgt. Gomez's Motion for Reconsideration of the Denial of Qualified Immunity to Sergeant Gomez on the Equal Protection Claim filed on December 4, 2018 **(Doc. 96)**, and Plaintiff's Motion to Strike Reply, filed February 5, 2019 **(Doc. 104)**. Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendant's motion is not well-taken and, therefore, is **DENIED,** and Plaintiff's motion is **DENIED AS MOOT.**

## BACKGROUND[1]

---

[1] A different group of defendants, the Silver City Defendants, recently appealed a separate decision by the Court denying them qualified immunity. *See* **Doc. 110.** That appeal does not affect the Court's ability to rule on Defendant Gomez's motion to reconsider. Defendant Gomez was not involved in either the appeal or in the ruling underlying that appeal. *Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990) (interlocutory appeal divests district court of jurisdiction to proceed with "any part of the action *against an appealing defendant"*) (emphasis added), *citing Garcia v. Burlington N. R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987) ("[W]hen an interlocutory appeal is taken, the district

These claims arise out of Nikki Bascom's murder by her ex-boyfriend, Silver City Police Department ("SCPD") Captain Marcello Contreras. Based on the events of the morning of April 21, 2016 and several incidents in the preceding months, the Silver City Defendants initiated an internal investigation of Cpt. Contreras and placed him on leave but declined to criminally investigate him. Grant County Sherriff's Department ("GCSD") officers Sgt. Gomez, Deputy Villegas and Detective Arellano were also called out to respond to Ms. Bascom's and Dr. Darrick Nelson's calls regarding Cpt. Contreras.

Later in the afternoon of April 21, Captain Contreras shot and killed Ms. Bascom, and then himself. Plaintiff alleges that the Defendants treated Ms. Bascom differently from other domestic violence victims and otherwise violated Ms. Bascom's constitutional rights.

On behalf of Ms. Bascom's estate and her minor children, Plaintiff filed this case under 42 U.S.C. § 1983 and the New Mexico Tort Claims Act, alleging the following relevant claims against the County Defendants:

> Count III: Fourth Amendment Unlawful Entry against the Estate of Contreras and Deputies Gomez and Villegas, and Grant County;
> Count V: Fourth Amendment Illegal Entry against Arellano and Grant County;
> Count VII: Equal Protection against Defendants Arellano, Gomez and Villegas;
> Count XI: Negligence Resulting in Battery; and
> Count XII: Deprivation of Statutory Rights Resulting in Wrongful Death.

The County Defendants – Sgt. Gomez, Grant County, Deputy Villegas, and Detective Arellano – filed a motion for summary judgment on various claims. **Doc. 29.** As relevant here, Defendant Gomez sought (1) summary judgment on the Equal Protection claim because he did not have probable cause to arrest Cpt. Contreras and he sought (2) qualified immunity. The Court

---

court retains jurisdiction to proceed with *matters not involved in that appeal.*") (emphasis added). This ruling is not relevant to the appealing defendants.

entered a Memorandum Opinion and Order Granting in Part and Denying in Part Defendant's motion. **Doc. 89.** As relevant here, the Court denied qualified immunity to Defendant Gomez as to the Equal Protection claim and denied Defendant Gomez summary judgment on that claim. Defendant Gomez now moves for the Court to reconsider that decision.

**LEGAL STANDARD**

Defendant Gomez asks the Court to reconsider an interlocutory order. A district court may reconsider interlocutory orders at any time and is not bound by the standards of Rules 59 and 60. *Warren v. American Bankers Insurance of Florida*, 507 F.3d 1239, 1243 (10th Cir. 2007) ("[A] district court always has the inherent power to reconsider its interlocutory rulings" and the Tenth Circuit "encourage[s] a court to do so where error is apparent.").

Although not bound by Rule 59(e), the Court may look to the standard of review used for Rule 59(e) motions when reconsidering an interlocutory order. *Ankeney v. Zavaras*, 524 Fed.Appx. 454, 458 (10th Cir. 2013) (unpublished). Under the Rule 59(e) standard, a court can grant a motion to reconsider when there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.*

"Nevertheless, reconsideration of an order in federal court is inappropriate to reargue an issue or advance new arguments or supporting facts which were available at the time of the original motion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Moreover, "[r]evisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed is likewise inappropriate." *Van Skiver*

*v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (internal citation and quotation marks omitted).

## DISCUSSION

I. **Defendant's Summary Judgment Arguments and the Court Rulings.**

Defendant Gomez moved for summary judgment on the Equal Protection claim and raised qualified immunity. **Doc. 29.** Under Tenth Circuit precedent, the burden shifts to Plaintiff to put forward evidence showing (1) that the defendant violated plaintiff's constitutional rights, and (2) the right at issue was clearly established at the time of the violation. *Halley v. Huckaby*, 902 F.3d 1136, 1144 (10th Cir. 2018). If Plaintiff fails to establish either part of the two-part inquiry, the Court must grant Defendant qualified immunity. *Id.* During these first two steps, the Court ordinarily takes Plaintiff's version of the facts that are well-supported in the record. *Id*. If Plaintiff satisfies her burden, Defendant then bears the traditional burden of the movant for summary judgment and the Court considers both parties' facts and records. *Id.*

First, the Court emphasizes the narrow scope of Defendant's motion for summary judgment as to the Equal Protection claim. Defendant Gomez argued he was entitled to summary judgment because there was no probable cause or exigent circumstances to arrest Cpt. Contreras. *See* **Doc. 29, p. 11-14.** The Court agreed with Plaintiff that this misses the point of her Equal Protection claim and did not merit summary judgment. Rather, the Court found that a reasonable jury could conclude that Defendant Gomez failed to investigate or provide police protection compared to other similarly situations domestic violence victims, and Ms. Bascom's status as a domestic violence victim whose assailant was an officer was a motivating factor in Defendant Gomez's actions.

Second, the Court noted that Defendant Gomez also perfunctorily raised qualified immunity and did not identify any law on equal protection. **Doc. 89, p. 7.** Nevertheless, because that appeared to be sufficient under Tenth Circuit law to invoke Plaintiff's burden under qualified immunity, and Plaintiff had otherwise briefed the issue well, the Court addressed qualified immunity. *See Cox v. Glanz*, 800 F.3d 1231, 1244-45 (10th Cir. 2015). The Court found there was a constitutional violation, because under the totality of the circumstances, a reasonable jury could conclude that Ms. Bascom's status as domestic violence victim whose assailant was an officer was a motivating factor in Defendant Gomez's actions. The Court also concluded that Ms. Bascom's Equal Protection right was clearly established.

The Court will not consider new arguments to the extent they circumvent the summary judgment process, which is inappropriate on a motion to reconsider. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) ("Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed is likewise inappropriate.") (internal citation and quotation marks omitted). Defendant also had an opportunity to respond to Plaintiff's well-briefed Equal Protection analysis in his reply to the motion for summary judgment. *See* **Doc. 54**. The Court is not inclined to grant Defendant Gomez a third opportunity to address these Equal Protection arguments. However, the Court will consider Defendant's new arguments to the extent they bear on whether the Court clearly erred in the Memorandum Opinion and Order **(Doc. 89)**.

## II. No Error in Qualified Immunity Analysis.

Defendant Gomez argues that the Court erred in denying him qualified immunity. The Court disagrees.

### A. First Prong of Qualified Immunity: Equal Protection Violation.

As relevant here, to show an Equal Protection violation Plaintiff must demonstrate that Ms. Bascom's status as a domestic violence victim whose assailant was an officer was a motivating factor in Defendant Gomez's decision to treat her differently. *Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 696 (10th Cir. 1988). Although "[t]he discriminatory purpose need not be the only purpose, ... it must be a motivating factor in the decision." *Villanueva v. Carere,* 85 F.3d 481, 485 (10th Cir. 1996).

1. Discriminatory Intent. Based on Plaintiff's facts and summary judgment record, a reasonable jury could conclude that Defendant Gomez treated Ms. Bascom differently from other domestic violence victims, and that Ms. Bascom's status as a domestic violence victim whose assailant was an officer was a motivating factor in that disparate treatment. The facts supporting this conclusion include:

- Defendant Gomez stated that he referred Dr. Nelson's claims against Cpt. Contreras to the district attorney because Cpt. Contreras was an SCPD officer. **Doc. 49-2**, **Ex. B, at 11:1-6**.
- He was only referring the assault or harassment charges against Cpt. Contreras for his actions toward Dr. Nelson; he was apparently not seeking charges for Cpt. Contreras' actions toward Ms. Bascom. *Id.*
- Cpt. Contreras pulling over Ms. Bascom apparently was not suspicious to Defendant Gomez because they were in a relationship. **Doc. 49-2 at 21:2-6.**
- Differential treatment from other similarly situated domestic violence victims, in which Defendant Gomez exhaustively investigated domestic violence by non-law enforcement assailants. **Doc. 49-15**, **Ex. O, p. 6-11**.
- Defendant Gomez's knowledge that Ms. Bascom had bruises after an incident with Cpt. Contreras, and decision not to follow up on that despite meeting with her. **Doc. 49-5, Ex. E, p. 7:18-24.**
- Cpt. Contreras had been following her multiple times. **Doc. 49-1 at p. 2; 49-7 at p. 7.** This constituted domestic violence according to GCSD policy. *See* **Doc. 49-14**, **Ex. N** (Domestic violence includes repeatedly driving by a residence or work place; stalking; harassment).

Defendant Gomez believed that Cpt. Contreras did not violate the law by pulling Ms. Bascom over because he was in a relationship with her. **Doc. 49-2 at 21:26.** Cpt. Contreras'

actions clearly could constitute false imprisonment. Had Ms. Bascom not been in a relationship with an officer, Defendant Gomez likely would have considered the stop a crime and he would have inquired further. He would have discovered that Cpt. Contreras had taken her phone from her hand when she tried to call 911, which constituted larceny. Defendant Gomez also heard that Cpt. Contreras had been following her, which under GCSD policy could constitute domestic violence. His lack of follow up on these possible domestic violence crimes contrasts with his exhaustive investigations in other cases of alleged domestic violence. *See* **Doc. 49, UMF T; Doc 49, Ex O, p. 6-11.**

Ms. Bascom told Defendant Gomez that she was not comfortable with Cpt. Contrears being in the house with her. **Doc. 49-7, p. 10.** Defendant Gomez knew that she was communicating she was afraid, because Dr. Nelson had told Defendant Gomez earlier that Cpt. Contreras had threatened him on two separate occasions. Cpt. Contreras said to Dr. Nelson: "I already warned you. Messing with my family.…We'll see;" "Pull out that gun and see what happens;" and "I'm telling you right now, you haven't seen the last." He also said "you're gonna get hurt, just you wait, I'm gonna hurt you" **Doc 49-2, p. 2-3.** At Dr. Nelson's home, Cpt. Contreras had his hand on his gun while he was threatening Dr. Nelson. Based on those threats, Defendant Gomez was investigating Cpt. Contreras for assault and battery on Dr. Nelson and Defendant Gomez intended to refer those charges to the district attorney. Yet, Defendant Gomez did nothing to follow up with Ms. Bascom about why she was not comfortable being around Cpt. Contreras. It also appears he did not intend to investigate any of Ms. Bascom's allegations. A reasonable officer would likely have followed up with Ms. Bascom and taken her reports seriously. This is borne out in the similarly situated cases cited by Plaintiff, in which Sgt. Gomez did inquire further.

7

Finally, as described in the summary judgment opinion, a reasonable jury could view the lapel video of Defendant Gomez's conversation with Ms. Bascom and Cpt. Contreras and conclude, in light of all the facts above, that he did not take the matter seriously and gave preferential treatment to Cpt. Contreras. *See* **Doc. 49-7; Doc. 89, p.11.**

Therefore, Plaintiff "asserted sufficient evidence to show that [Defendant Gomez] [] treated [her] less favorably than he treated other domestic violence victims." *Price-Cornelison v. Brooks*, 524 F.3d 1103, 1113 (10th Cir. 2008).

      2.      <u>Differential Treatment: Probable Cause and Investigation</u>. Defendant's sole argument on summary judgment was that he had no probable cause or exigent circumstances to arrest Cpt. Contreras. The Court concluded that this argument was not on point, as at issue was whether Defendant declined to provide Ms. Bascom police protection – including whether he declined to provide to investigate Ms. Bascom's reports. **Doc. 89.**

Defendant now argues for the first time that the extent of an investigation is generally within the discretion of an officer and a failure to investigate is generally not a constitutional violation. Defendant cited to *Stonecipher v. Valles*, 759 F.3d 1134, 1142 (10th Cir. 2014). *Stonecipher* did not involve an Equal Protection claim, but involved a Fourth Amendment malicious prosecution case, in which the officer was alleged to have misrepresented or omitted facts in a search warrant. Defendant's remaining citations are similarly not on point. *See Griego v. City of Albuquerque*, 100 F. Supp. 3d 1192, 1225 (D.N.M. 2015) (dismissing claim for failure to investigate without referencing Equal Protection claim), *and United States v. Patane*, 304 F.3d 1013, 1016 (10th Cir. 2002), *rev'd*, 542 U.S. 630, 124 S. Ct. 2620, 159 L. Ed. 2d 667 (2004) (criminal case having nothing to do with equal protection claims).

The Court agrees that a botched investigation – or exercising discretion in how to investigate a call - is not generally a constitutional violation, absent evidence of discriminatory intent. That is not the case here.

Here, Defendant decided not to investigate even though he heard facts and allegations that Cpt. Contreras committed crimes against Ms. Bascom– such as:

- Cpt. Contreras pulled her over, potentially false imprisonment;
- Ms. Bascom said she was not comfortable being around Cpt. Contreras, when Defendant Gomez knew Cpt. Contreras had earlier threatened Dr. Nelson and was being investigated for assault and battery;
- Ms. Bascom repeatedly reported she was being followed by Cpt. Contreras, which could support harassment or stalking; and
- Dr. Nelson told Defendant Gomez that Ms. Bascom had bruises.

Based on the evidence cited above, a reasonable jury could conclude that a motivating factor for Defendant Gomez's inaction or failure to provide police protection was Ms. Bascom's status as a domestic violence victim in a relationship with an officer. *Watson v. City of Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988) ("It is not necessary to demonstrate that the challenged action was taken solely for discriminatory purposes; it is necessary only to prove that a discriminatory purpose was a motivating factor."), *cited in Gray v. Sorrels*, 744 F. App'x 563, 573 (10th Cir. 2018), *cert. denied*, 2019 WL 1231856 (U.S. Mar. 18, 2019).

       3.      <u>Discriminatory Intent Ruling was Based on Totality of the Circumstances</u>.
Defendant argues that the Court denied summary judgment merely because Defendant Gomez sought the advice of a district attorney prior to bringing charges. **Doc. 96, p. 7.** The Court disagrees. The Court denied summary judgment based on the totality of the circumstances. The Court cited to Defendant Gomez's statement that he sought review of *Dr. Nelson's* claims against Cpt. Contreras because "[t]here was a Silver City police officer involved" as one fact out of many supporting discriminatory intent. **Doc. 89 at 11; Doc. 49-2 at 11:1-6**. The Court agrees with

Defendant that seeking the review of a district attorney is within the discretion of an officer. However, Defendant Gomez's express reason for seeking review of Dr. Nelson's allegations supports, under the totality of the circumstance, discriminatory intent.

Moreover, Defendant Gomez was apparently not seeking review of Ms. Bascom's claims against Cpt. Contreras at all. Sgt. Gomez stated he was going to talk to the district attorney to seek an arrest warrant for Cpt. Contreras' threats toward *Dr. Nelson*, not for any crimes committed against *Ms. Bascom*. Therefore, the record does not show that Defendant Gomez was even investigating claims against Ms. Bascom or seeking charges on her behalf, despite her requests for assistance from the Grant County Defendants.

B. **Equal Protection Right was Clearly Established.**

"A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, ––– U.S. ––––, 136 S.Ct. 305, 308, 193 L.Ed.2d 255 (2015) (per curiam) (internal quotation marks omitted). "A Supreme Court or Tenth Circuit decision on point or the weight of authority from other courts can clearly establish a right." *Halley v. Huckaby*, 902 F.3d 1136, 1144 (10th Cir. 2018), *cert. denied,* No. 18-986, 2019 WL 358389 (U.S. Mar. 18, 2019).

"Generally, existing precedent must have placed the statutory or constitutional question beyond debate to clearly establish a right. The question is not whether a broad general proposition was clearly established, but whether the violative nature of particular conduct [was] clearly established." *Id.* (internal quotation marks and citations omitted). "[T]he clearly established law must be 'particularized' to the facts of the case." *White v. Pauly*, ––– U.S. ––––, 137 S.Ct. 548, 552, 196 L.Ed.2d 463 (2017) (internal quotation marks omitted). However, "general statements

of the law are not inherently incapable of giving fair and clear warning to officers, but in light of pre-existing law, the unlawfulness must be apparent." *White v. Pauly*, 137 S. Ct. 548, 552 (2017).

*Price-Cornelison* concluded that *Watson* clearly established that it violated Equal Protection rights to provide domestic violence victims less police protection than other victims. *Price-Cornelison* subsequently found an Equal Protection violation where sub-classes of domestic violence victims were treated less favorably than other domestic violence victims. *See Price-Cornelison v. Brooks*, 524 F.3d 1103, 1114–15 (10th Cir. 2008), *citing Watson v. City of Kansas City, Kan.,* 857 F.2d 690, 694 (10th Cir. 1988).

Defendant argues that neither of those two cases are particularized to the facts of this case. The Court disagrees. Here, the Court concludes that the violative nature of the *particular* conduct is clearly established, and that *Watson* and *Price-Cornelison* give officers a fair and clear warning that they cannot provide certain domestic violence victims less police protection than others. Under Plaintiff's version of the facts, Defendant Gomez declined to provide police protection – including investigating Ms. Bascom's claims or seeking charges based on her allegations – and a motivating factor in doing so was Ms. Bascom's status as a domestic violence victim whose assailant was an officer. This violated Ms. Bascom's clearly established rights. *See Watson v. City of Kansas City, Kan.,* 857 F.2d 690 (10th Cir. 1988) (Defendants' lack of response, including declining to investigate, charge, or arrest assailant, who was an officer, violated plaintiff's equal protection rights).

### III. No Clear Error in Denying Summary Judgment.

Once Plaintiff overcame her burden on qualified immunity, the Court addressed Defendant's summary judgment arguments. Defendant had the normal summary judgment burden of asserting arguments for consideration.

Defendant's sole argument on summary judgment was that he lacked probable cause to arrest Cpt. Contreras and there were no exigent circumstances – therefore he couldn't do anything before Ms. Bascom was killed.[2]  *See* **Doc. 29**, **p. 11-13.**  As explained above and in the Court's MOO **(Doc. 89)**, Defendant's probable cause argument is not on point.  The Court finds no language in any Tenth Circuit case that limits Equal Protection claims to cases where an officer could have – but did not – arrest a suspect.  *See, e.g., Price-Cornelison v. Brooks*, 524 F.3d 1103, 1114–15 (10th Cir. 2008), *citing Watson v. City of Kansas City, Kan.,* 857 F.2d 690, 694 (10th Cir. 1988) (long history of failing to respond, investigate, or arrest assailant officer).

Alternatively, denial of summary judgment is also supported for the above stated reasons.

## IV. Court will not consider Defendant's new arguments in his reply to his motion to reconsider.

Defendant asserts new arguments in his reply to his motion to reconsider, as detailed by Plaintiff in her Motion to Strike Reply (**Doc. 104**).  For example, Defendant asserts for the first time in the reply brief that the Court must construe Plaintiff's Equal Protection claim as a class-of-one claim, which is subject to a heightened burden.  When a reply brief presents new legal arguments or evidence, a court may take either of two courses of action: (a) refrain from relying on the new arguments or materials in the reply or (b) permit a surreply. *Beaird v. Seagate Technology, Inc.,* 145 F.3d 1159, 1164 (10th Cir. 2003).

---

[2] Defendant also argues that the Court erred because it noted that matters were referred by SCPD to GCSD. The Court agrees. The MOO concluded that: "Moreover, it appears that although certain matters were responded to by SCPD, they were ultimately referred out to the Grant County Defendants." **Doc. 89, p. 18.**  The Court will strike that sentence, because as made clear in the subsequent briefing on the Equal Protection claim by Silver City, Chief Reynolds admitted that he did not officially refer the matter to GCSD.  *See* **Doc. 63, UMF 53.**  However, both GCSD and SCPD responded to reports from Ms. Bascom, and Ms. Bascom repeated some of the allegations to Defendant Gomez when he responded.

All of these arguments could have been asserted in Defendant's motion for summary judgment, his reply to his motion for summary judgment, or in his motion to reconsider. They were not. Therefore, the Court will not now consider them in his reply to his motion to reconsider. For that reason, the Court will **DENY AS MOOT** Plaintiff's Motion to Strike Reply **(Doc. 104)**. Moreover, the Court agrees with Plaintiff that the new cases cited by Defendant Gomez are neither binding on this Court nor relevant to the specific issues in this case.

V.      **Plaintiff's request for attorney fees is denied**.

Plaintiff argues she is entitled to attorney fees because (1) Defendant mischaracterized the record and the Court's MOO **(Doc. 89)** and (2) Defendant's arguments on reconsideration could have been argued in the summary judgment briefing. She argues Defendant unnecessarily doubled the briefing on the Equal Protection claim in this matter. Plaintiff also argues Defendant failed to comply with D.N.M. L.R.-Civ. 7.1(a) by not conferring with opposing counsel before filing the motion to reconsider. Plaintiff requests attorney fees under 28 U.S.C. § 1927. Under § 1927:

> "Any attorney … admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

"Sanctions under § 1927 are appropriate when an attorney acts recklessly or with indifference to the law. They may also be awarded when an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis; [or] when the entire course of the proceedings was unwarranted." *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.,* 430 F.3d 1269, 1278 (10th Cir. 2005) (internal citations and quotation marks omitted), *quoted in Danielson-Holland v. Standley & Assocs., LLC*, 512 F. App'x 850, 853 (10th Cir. 2013) (unpublished).

The Court acknowledges that Defendant did not address the relevant arguments in his summary judgment motion or in his reply to the summary judgment motion. This forced Plaintiff, for a second time, to delve into the summary judgment record and make detailed arguments in her response to the motion to reconsider. However, the Court does not believe that Defendant acted unreasonably, recklessly, in bad faith, vexatiously, or for oppressive reasons. The Court also finds that the arguments in Defendant's motion to reconsider were reasonable, although not meritorious. The Court therefore denies Plaintiff's request for attorney fees.

## CONCLUSION

For the reasons above and in the Memorandum Opinion and Order **(Doc. 89),** the Court concludes it did not err in rejecting Defendant Gomez's Equal Protection arguments and denying qualified immunity. The Court's Memorandum Opinion and Order **(Doc. 89)** on summary judgment is modified to include the additional analysis herein.

**IT IS THEREFORE ORDERED** that Defendant Gomez's Motion for Reconsideration of the Denial of Qualified Immunity to Sergeant Gomez on the Equal Protection Claim **(Doc. 96)** is **DENIED**.

**IT IS FURTHER ORDERD** that Plaintiff's Motion to Strike Reply **(Doc. 104)** is **DENIED AS MOOT**.

_____
CHIEF UNITED STATES DISTRICT JUDGE