# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

KARRI DALTON,
*as the personal representative of the Estate of Nikki Bascom*,
*And Next Friend to M.B., a minor Child, and*
*A.C., a minor child,*
      Plaintiff,

vs.                                         Case No. 2:17-cv-01143-WJ-GJF

TOWN OF SILVER CITY, GRANT COUNTY,
CHIEF ED REYNOLDS, CAPTAIN RICKY VILLALOBOS,
THE ESTATE OF MARCELLO CONTRERAS,
DEPUTY JACOB VILLEGAS, SGT. FRANK GOMEZ,
AND DETECTIVE ADAM ARELLANO,

      Defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO CERTIFY SILVER CITY DEFENDANTS' APPEAL AS FRIVOLOUS

THIS MATTER comes before the Court upon Plaintiff's Motion to Certify Appeal as Frivolous, filed on March 25, 2019 **(Doc. 118)**. Having reviewed the parties' pleadings and the applicable law, the Court finds that Plaintiff's motion is not well-taken and, therefore, is **DENIED.**

## BACKGROUND

These claims arise out of Nikki Bascom's murder by her ex-boyfriend, Silver City Police Department ("SCPD") Captain Marcello Contreras. Based on the events of the morning of April 21, 2016 and several incidents in the preceding months, the Silver City Defendants initiated an internal investigation of Cpt. Contreras and placed him on leave but declined to criminally investigate him. Grant County Sherriff's Department ("GCSD") officers Sgt. Gomez, Deputy Villegas and Detective Arellano were also called out to respond to Ms. Bascom's and Dr. Darrick Nelson's calls regarding Cpt. Contreras.

Later in the afternoon of April 21, Captain Contreras shot and killed Ms. Bascom, and then himself. Plaintiff alleges that the Defendants treated Ms. Bascom differently from other domestic violence victims and otherwise violated Ms. Bascom's constitutional rights.

On behalf of Ms. Bascom's estate and her minor children, Plaintiff filed this case under 42 U.S.C. § 1983, alleging, as relevant here, an Equal Protection claim. She alleges that Defendants treated Ms. Bascom, a domestic violence victim whose assailant was an officer, differently from other domestic violence victims.

The Court denied Defendants' motions for summary judgment on some claims and denied the individual Silver City defendants qualified immunity on the Equal Protection claim. The individual Silver City Defendants filed an interlocutory appeal of that ruling. They framed the issue on appeal as follows:

> Did the District Court err in denying Appellants' motion for summary judgment seeking qualified immunity on Dalton's Equal Protection claim where no Equal Protection jurisprudence from this Court or the United States Supreme Court squarely governs the particular facts of this case?

**Doc. 133-1.** United States Magistrate Judge Gregory J. Fouratt issued a well-reasoned order granting a stay in this case pending the resolution of the qualified immunity appeal. *See* **Doc. 124.**

## DISCUSSION

Usually, an interlocutory appeal divests this Court of jurisdiction to proceed against the appealing defendants. *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). Plaintiff, however, seeks to certify the appeal as frivolous, so that this case can proceed alongside the appeal. *See, e.g, Martinez v. Mares*, 613 F. App'x 731, 735 (10th Cir. 2015)

(if district court certifies appeal as frivolous, "the case may proceed in both forums, with the district and appellate courts exercising concurrent jurisdiction.").

    A.    **Legal Standard.**

Trial court decisions denying public officials the defense of qualified immunity may be subject to interlocutory appeal. *Mitchell v. Forsyth, All* U.S. 511, 528 (1985). At the summary judgment stage of a claim for qualified immunity, it is generally the district court's "exclusive job" to determine which facts a jury could reasonably find from the evidence presented to it by the litigants. After doing so, the district court and the Court of Appeals may then consider the abstract legal questions whether those facts suffice to show a violation of law and whether that law was clearly established at the time of the alleged violation. *Lewis v. Tripp,* 604 F.3d 1221 (10th Cir. 2010).

While an appeal from a denial of qualified immunity will normally divest a district court of jurisdiction, "[i]f the claim of immunity is a sham ... the notice of appeal does not transfer jurisdiction to the court of appeals, and so does not stop the district court in its tracks." *Stewart v. Donges,* 915 F.2d 572, 577 (10th Cir. 1990) (emphasis in original); *U.S. v. Taylor,* 2009 WL 3348074, at 2 (D.N.M., September 29, 2009) ("A district court may retain jurisdiction over a case when an interlocutory appeal is taken (1) if the pending matter is not involved in the appeal and (2) if the district court makes written findings that the appeal is frivolous"); *Apostol v. Gallion,* 870 F.2d 1335, 1339 (7th Cir. 1989) (An appeal is frivolous if it is "a sham," "baseless," or "unfounded."). "An appeal is termed frivolous if the result is obvious, or the arguments of error are wholly without merit." *Autorama Corp. v. Stewart*, 802 F.2d 1284, 1288 (10th Cir. 1986) (citing *DeWitt v. Western Pac. R.R. Co.*, 719 F.2d 1448, 1451 (9th Cir. 1983)). 22, 2014)

    B.    **Analysis.**

Plaintiff first argues that the appeal is frivolous, because the Tenth Circuit does not have jurisdiction to hear the issues on interlocutory appeal. The Court disagrees.

The individual Silver City Defendants represent that they filed the interlocutory appeal to determine "whether the facts as set forth by this Court illustrate a violation of clearly established law regarding the Equal Protection clause…" **Doc. 128, p. 5.** The Silver City Defendants argue this is a legal question regarding qualified immunity. Defendants assert they do not intend to challenge any factual issues, but merely the Court's application of Plaintiff's version of the facts to the governing law. **Doc. 128, p. 10.**

Therefore, the individual Silver City Defendants argue the Tenth Circuit has jurisdiction to hear their argument that they are entitled to qualified immunity under the facts alleged by Plaintiff. The Court agrees, and concludes it is not obvious that the Tenth Circuit lacks jurisdiction to hear this legal argument. "Resolution of this purely legal question falls squarely within [the Tenth Circuit's] jurisdiction." *Martinez v. Mares*, 613 F. App'x 731, 736-37 (10th Cir. 2015), *citing Poolaw v. Marcantel,* 565 F.3d 721, 733 (10th Cir. 2009) ("Because the defendants assert that they are entitled to qualified immunity on the undisputed facts, this is a question of law."); *Johnson v. Martin*, 195 F.3d 1208, 1214 (10th Cir. 1999) ("a defendant's appeal of the denial of a motion for summary judgment is based on the argument that, even under the plaintiff's version of the facts, the defendant did not violate clearly established law, then the district court's summary judgment ruling is immediately appealable."); *Roosevelt-Hennix v. Prickett*, 717 F.3d 751, 753 (10th Cir. 2013) ("To the extent an appeal turns on an abstract issue of law, [the Tenth Circuit] ha[s] jurisdiction to review a denial of qualified immunity. That is, [the Tenth Circuit] has jurisdiction to review (1) whether the facts that the district court ruled a reasonable jury could find would suffice to show a legal violation, or (2) whether that law was clearly established at the time of the

alleged violation."); *see also Mitchell v. Forsyth,* 472 U.S. 511, 530 (1985) ( "denial of a claim of qualified immunity, to the extent that it turns on an issue of law," is subject to an interlocutory appeal within the meaning of 28 U.S.C. § 1291.).

Plaintiff also argues that any appeal is frivolous, because *Price-Cornelison v. Brooks*, 524 F.3d 1103 (10th Cir. 2008) is squarely on point and controlling, and therefore the Tenth Circuit will conclude that the individual Silver City Defendants violated clearly established. However, Defendants argue that *Price-Cornelison* is not sufficiently factually on point, in light of more recent United States Supreme Court cases requiring greater factual specificity in cases in order to overcome the clearly established prong of qualified immunity. In other words, the individual Defendants argue that *Price-Cornelison* is not sufficiently factually on point. The Court concludes that the resolution of this issue is not obvious, and Defendants' argument is not frivolous.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Certify Appeal as Frivolous **(Doc. 118)** is **DENIED**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE