# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

KARRI DALTON,
*as the personal representative of the Estate of Nikki Bascom*,
*And Next Friend to M.B., a minor Child, and*
*A.C., a minor child,*
        Plaintiff,

vs.                                         Case No. 2:17-cv-01143-WJ-GJF

TOWN OF SILVER CITY, GRANT COUNTY,
CHIEF ED REYNOLDS, CAPTAIN RICKY VILLALOBOS,
THE ESTATE OF MARCELLO CONTRERAS,
DEPUTY JACOB VILLEGAS, SGT. FRANK GOMEZ,
AND DETECTIVE ADAM ARELLANO,

        Defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO CERTIFY COUNTY DEFENDANTS' APPEAL AS FRIVOLOUS

THIS MATTER comes before the Court upon Plaintiff's Motion to Certify Appeal as Frivolous, filed on April 29, 2019 **(Doc. 138)**. Having reviewed the parties' pleadings and the applicable law, the Court finds that Plaintiff's motion is not well-taken and, therefore, is **DENIED.**

## BACKGROUND

These claims arise out of Nikki Bascom's murder by her ex-boyfriend, Silver City Police Department ("SCPD") Captain Marcello Contreras. Based on the events of the morning of April 21, 2016 and several incidents in the preceding months, the Silver City Defendants initiated an internal investigation of Cpt. Contreras and placed him on leave but declined to criminally investigate him. Grant County Sherriff's Department ("GCSD") officers Sgt. Gomez, Deputy

Villegas and Detective Arellano were also called out to respond to Ms. Bascom's and Dr. Darrick Nelson's calls regarding Cpt. Contreras.

Later in the afternoon of April 21, Captain Contreras shot and killed Ms. Bascom, and then himself. Plaintiff alleges that the Defendants treated Ms. Bascom differently from other domestic violence victims and otherwise violated Ms. Bascom's constitutional rights.

On behalf of Ms. Bascom's estate and her minor children, Plaintiff filed this case under 42 U.S.C. § 1983, including an Equal Protection claim. She alleges that Defendants treated Ms. Bascom, a domestic violence victim whose assailant was an officer, differently from other domestic violence victims.

The Court granted in part and denied in part the County Defendants' motion for summary judgment. In relevant part, the Court denied Defendant Gomez qualified immunity on the Equal Protection claim. The Court also denied Defendant Gomez's subsequent motion to reconsider. The County Defendants filed an interlocutory appeal of that ruling. They framed the issue on appeal as follows:

> 1. Whether Defendant Gomez Is Entitled To Qualified Immunity? [sic]
>
> 2. Does the Tenth Circuit recognize an equal protection claim that involves discretionary decision-making after *Engquist v. Or. Dep't of Agric.,* 553 U.S. 591, 128 S. Ct. 2146 (2008), under the facts presented herein?
>
> 3. Is the Plaintiff required to prove other victims of domestic violence would have received greater protection from Defendant Gomez than Plaintiff?

**Doc. 138-1.**

## DISCUSSION

Usually, an interlocutory appeal divests this Court of jurisdiction to proceed against the appealing defendants. *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction

on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). Plaintiff, however, seeks to certify the appeal as frivolous, so that this case can proceed alongside the appeal. *See, e.g, Martinez v. Mares*, 613 F. App'x 731, 735 (10th Cir. 2015) (if district court certifies appeal as frivolous, "the case may proceed in both forums, with the district and appellate courts exercising concurrent jurisdiction.").

### A. **Legal Standard.**

Trial court decisions denying public officials the defense of qualified immunity may be subject to interlocutory appeal. *Mitchell v. Forsyth, All* U.S. 511, 528 (1985). At the summary judgment stage of a claim for qualified immunity, "it is generally the district court's exclusive job to determine which *facts* a jury could reasonably find from the evidence presented to it by the litigants. After doing so, the district court and [the Court of Appeals] may then consider the 'abstract' *legal* questions whether those facts suffice to show a violation of law and whether that law was clearly established at the time of the alleged violation." *Lewis v. Tripp,* 604 F.3d 1221 (10th Cir. 2010) (internal citations omitted).

While an appeal from a denial of qualified immunity will normally divest a district court of jurisdiction, "[i]f the claim of immunity is a sham ... the notice of appeal does not transfer jurisdiction to the court of appeals, and so does not stop the district court in its tracks." *Stewart v. Donges,* 915 F.2d 572, 577 (10th Cir. 1990) (emphasis in original); *U.S. v. Taylor,* 2009 WL 3348074, at 2 (D.N.M. 2009) ("A district court may retain jurisdiction over a case when an interlocutory appeal is taken (1) if the pending matter is not involved in the appeal and (2) if the district court makes written findings that the appeal is frivolous"); *Apostol v. Gallion,* 870 F.2d 1335, 1339 (7th Cir. 1989) (An appeal is frivolous if it is "a sham," "baseless," or "unfounded."). "An appeal is termed frivolous if the result is obvious, or the arguments of error are wholly

3

without merit." *Autorama Corp. v. Stewart*, 802 F.2d 1284, 1288 (10th Cir. 1986) (citing *DeWitt v. Western Pac. R.R. Co.*, 719 F.2d 1448, 1451 (9th Cir. 1983)).

    **B.**    <u>**Analysis.**</u>

Plaintiff first argues that the appeal is frivolous, because the Tenth Circuit does not have jurisdiction to hear the issues on interlocutory appeal. The Court disagrees. The County Defendants represent that they filed the interlocutory appeal to determine "[w]hether Defendant Gomez is entitled to qualified immunity." **Doc. 138-1, p. 5.** The County Defendants assert they will not seek to challenge the facts, but only whether Plaintiff's facts show a violation of clearly established law. **Doc. 144, p. 4; p. 9** ("these Defendants are fully aware that, for purposes of their appeal, the facts are as the District Court has set them forth…").

The Tenth Circuit likely has jurisdiction to hear Defendant Gomez's argument that he is entitled to qualified immunity under the facts alleged by Plaintiff. "Resolution of this purely legal question falls squarely within [the Tenth Circuit's] jurisdiction." *Martinez v. Mares*, 613 F. App'x 731, 736-37 (10th Cir. 2015), *citing Poolaw v. Marcantel,* 565 F.3d 721, 733 (10th Cir. 2009) ("Because the defendants assert that they are entitled to qualified immunity on the undisputed facts, this is a question of law."); *Johnson v. Martin*, 195 F.3d 1208, 1214 (10th Cir. 1999) ("a defendant's appeal of the denial of a motion for summary judgment is based on the argument that, even under the plaintiff's version of the facts, the defendant did not violate clearly established law, then the district court's summary judgment ruling is immediately appealable."); *Roosevelt-Hennix v. Prickett*, 717 F.3d 751, 753 (10th Cir. 2013) ("To the extent an appeal turns on an abstract issue of law, [the Tenth Circuit] ha[s] jurisdiction to review a denial of qualified immunity. That is, [the Tenth Circuit] has jurisdiction to review (1) whether the facts that the district court ruled a reasonable jury could find would suffice to show a legal violation, or (2)

whether that law was clearly established at the time of the alleged violation."); *see also Mitchell v. Forsyth,* 472 U.S. 511, 530 (1985) ( "denial of a claim of qualified immunity, to the extent that it turns on an issue of law," is subject to an interlocutory appeal within the meaning of 28 U.S.C. § 1291.). Although the Court has determined there is a genuine dispute of material fact, that does not necessarily divest the Tenth Circuit of jurisdiction to hear the purely legal issue of qualified immunity.

Plaintiff also argues that Defendant Gomez's request to apply a class-of-one theory to the Equal Protection claim, pursuant to *Engquist v. Oregon Dept. of Agr.*, 553 U.S. 591 (2008), is legally frivolous. The County Defendants did not argue in the summary judgment briefing or in the motion for reconsideration that the Equal Protection should be analyzed as a class-of-one claim. See **docs. 29, 54, 96.** Defendant Gomez first raised this argument in the reply to the motion to reconsider. **Doc. 102.** The Court declined to consider this new argument in a reply brief. **Doc. 125, p. 12-13**. If Defendant Gomez wishes to raise this argument on appeal, it is up to the Tenth Circuit to decide whether to consider it. That decision appears to be discretionary, therefore the Court cannot say that raising a class-of-one theory is frivolous.

Plaintiff also argues that any appeal is frivolous, because *Price-Cornelison v. Brooks*, 524 F.3d 1103 (10th Cir. 2008) and *Watson v. City of Kansas City, Kan.,* 857 F.2d 690 (10th Cir. 1988) are squarely on point and controlling, and therefore the Tenth Circuit will conclude that Defendant Gomez violated clearly established law. However, Defendant Gomez argues that *Price-Cornelison* and *Watson* are not sufficiently factually on point, in light of more recent United States Supreme Court cases requiring greater factual specificity in cases in order to overcome the clearly established prong of qualified immunity. The Court concludes that the resolution of this legal issue is not obvious, and Defendant Gomez's argument is not frivolous.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Certify Appeal as Frivolous **(Doc. 138)** is **DENIED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE