**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

KARRI DALTON, *as personal*
*representative of* THE ESTATE OF
NIKKI BASCOM, *deceased, and next*
*of friend to* M.B., *a minor child*, and
A.C., *a minor child*,

      Plaintiff,

v.                                  Civ. No. 17-1143 WJ/GBW

TOWN OF SILVER CITY, *et al.*,

      Defendants.

<u>**ORDER DENYING STAY**</u>

      THIS MATTER comes before the Court on Defendants Town of Silver City, Ed

Reynolds, and Ricky Villalobos' ("the Silver City Defendants") Opposed Motion to Stay

Proceedings Pending Resolution of Petition for Writ of Certiorari. *Doc. 185*. Having

reviewed the motion and its attendant briefing (*docs. 186, 188*), the Court DENIES it.

**I.    BACKGROUND**

      This is a civil rights case arising from the murder of Nikki Bascom by Marcello

Contreras, a former Silver City police officer. *See generally doc. 1-2*. On July 18, 2018, the

Silver City Defendants moved for summary judgment on Plaintiff's equal protection

and substantive due process claims against them on the basis of qualified immunity.

*Doc. 59*. On March 7, 2019, the Court granted that motion as to the substantive due

process claim and denied it as to the equal protection claim.  *Doc. 110*.  On March 20, 2019, the Silver City Defendants appealed the Court's denial of summary judgment on the equal protection claim to the Tenth Circuit.  *Doc. 112*.  Nine days later, the Court stayed the case as to all Defendants and all claims pending the outcome of this appeal. *Doc. 124*.

On June 28, 2021, the Tenth Circuit affirmed the denial of summary judgment on the equal protection claim.  *Doc. 182-1*.  On July 20, 2021, the Tenth Circuit denied the Silver City Defendants' motion to stay the issuance of its mandate pending their filing of a petition for a writ of certiorari in the United States Supreme Court.  *Dalton v. Town of Silver City*, No. 19-2047 (10th Cir. July 20, 2021).  The following day, the Tenth Circuit issued its mandate effectuating its earlier judgment, *doc. 182*, and lifting the stay of this case, *see doc. 124* at 8.

On July 26, 2021, the Silver City Defendants filed the instant motion to restore the stay pending final resolution of their petition for a writ of certiorari.  *Doc. 185*.  Plaintiff responded two days later.  *Doc. 186*.  Briefing was complete on July 30, 2021 when the Silver City Defendants filed their reply.  *Doc. 188*.

## II.    ANALYSIS

Plaintiff argues that this Court lacks the authority to grant the stay based upon Title 28 U.S.C. § 2101(f) and, in the alternative, the "mandate rule."  This Court need not reach the question of this absolute bar because it determines that a stay is not

2

appropriate here.  First, granting the stay would violate the spirit of the mandate rule.

The requested stay is premised only upon the resolution of the petition for a writ of

certiorari.  Yet, the Court of Appeals for the Tenth Circuit has issued its mandate after

declining Defendants' request to stay on that same basis.  Even assuming authority to

grant the stay, it would not be prudential in this circumstance.  *See United States v.*

*Sample*, CR. No. 15-4265 JCH, 2018 WL 6622198, at *2 (D.N.M. Dec. 18, 2018)

(unpublished).  Second, even putting aside the spirit of the mandate rule and assuming

the Court's authority to grant the stay, the balance of equities weighs against doing so

here.  While the Court recognizes the importance of the protections provided by

qualified immunity, there are other considerations as well.  This case has been stalled

for years as the Defendants pursued this defense.  Two courts have firmly rejected the

defense.  The appellate court, "which is well placed to determine whether the Supreme

Court is likely to grant a certiorari petition," has rejected a stay on that basis.  *United*

*States v. Lentz*, 352 F. Supp. 2d 718, 727-28 (E.D. Va. 2005).  Balancing the likelihood of a

certiorari grant and a reversal by the Supreme Court against the continued delay and

possible loss of evidence and memories, the Court does not find a stay to be

appropriate.

**III.    CONCLUSION**

For the reasons above, the Court DENIES the Silver City Defendants' Opposed

Motion to Stay Proceedings Pending Resolution of Petition for Writ of Certiorari.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE