IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**KARRI DALTON as the Personal Representative of the
Estate of NIKKI BASCOM, deceased, and Next Friend to
M.B., a minor child, and A.C., a minor child,**

    **Plaintiff,**

v.                                                     Case No. 17-cv-1143 WJ-GBW

**TOWN OF SILVER CITY, ex rel.
SILVER CITY POLICE DEPARTMENT,
SILVER CITY POLICE CHIEF ED REYNOLDS,
CAPTAIN RICKY VILLALOBOS,
THE ESTATE OF MARCELLO CONTRERAS,**

    **Defendants.**

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on August 17, 2021 and was attended by:

IVES & FLORES, PA
Laura Schauer Ives
925 Luna Circle NW
Albuquerque, NM 87102
(505) 364-3858

THE KENNEDY LAW FIRM, PC
Joseph P. Kennedy
1000 2nd Street NW
Albuquerque, NM 87102
 (505) 244-1400

*Attorneys for plaintiffs*

JARMIE & ROGERS, P.C.
Cody R. Rogers
2540 El Paseo Road Suite D
Las Cruces, New Mexico 88011
(575) 288-1453

*Attorneys for Silver City Defendants*


And

MILLER STRATVERT, P.A.
Luke A. Salganek
P.O. Box 1986
Santa Fe, N.M. 87504-1986
(505) 995-6405 (Direct)
(505) 989-9614 (Main)
(505) 989-9857 (Fax)
lsalganek@mstlaw.com

*Attorney for the Estate of Marcello Contreras*

## NATURE OF THE CASE

Plaintiff brings this suit on behalf of the two minor children of Nikki Bascom, decedent. She alleges wrongful death pursuant to 42 U.S.C. § 1983, the New Mexico Tort Claims Act and the New Mexico Wrongful Death Act. She alleges deprivations of Nikki Bascom's rights guaranteed by the Fourth Amendment and the Fourteenth Amendment to the United States Constitution.  Defendants deny Plaintiff's allegations.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file: Plaintiff does not intend to file any amendments. Plaintiff(s) should be allowed until October 1, 2021 to move to amend the pleadings and to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendants intend to file: Defendant does not intend to file any amendments.

 Defendants should be allowed until October 8, 2021 to move to amend the pleadings and to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to further stipulate to the facts which are admitted in Silver City Defendants' Answer to the Complaint.

### PLAINTIFF'S CONTENTIONS:

On April 21, 2016, Marcello Contreras, a captain with the Silver City Police Department, shot and killed Nikki Bascom. He then killed himself. Contreras had engaged in a series of criminal acts. Contreras had illegally entered and remained in Bascom's home. Contreras had stopped Nikki's car and stolen her cell phone. Contreras had threatened Nikki Bascom's supervisor. Contreras had threatened suicide previously. Contreras was also following Bascom around town.Earlier in the day, Contreras—on duty, in uniform, in his police unit and carrying a gun—blocked Nikki Bascom when she was driving. He reached into her car and "ripped' her cell phone from her hand.  Nikki reported the incident to Chief Reynolds.

Contreras committed one or more crimes when he forced Nikki to pull over to the side of the road and took her phone. Nikki immediately drove to the offices of the SCPD and reported to Chief Reynolds that Contreras had forced her off the road and taken her phone. Nikki later reported the crime to Grant County Deputy Arrellano. Nikki stated facts that amounted to probable cause to believe that Contreras had committed domestic violence and other felony crimes. Captain Villalobos interviewed Nikki to initiate an internal affairs investigation, not a criminal investigation. Neither Captain Villalobos nor Chief Reynolds told Nikki that they would not investigate the incident as a crime, and Nikki had no way of knowing that when she reported criminal activity to the chief and a captain of SCPD that her report would not be treated as would any other report of criminal activity. Indeed, Chief Reynolds and Captain Villalobos never investigated a crime. The most experienced SCPD detective in domestic violence investigations was also in the office.  No one from SCPD referred the investigation of Nikki's allegations that Contreras had forced her from the road and forcibly stolen her phone to an outside agency for

3

investigation. No one from the SCPD documented Nikki's report that Contreras had forced her from the road and stolen her phone in a verbal incident report or on CADs. Neither Chief Reynolds, Captain Villalobos, nor any officer from the SCPD made any attempt to apprehend Contreras or take him into custody. Deputy Arrellano received the same information about the criminal acts of false imprisonment, battery and robbery, but he did nothing because Nikki Bascom had already reported it to another agency.

The defendants violated Nikki Bascom's civil and constitutional rights and were negligent in how they investigated the crimes of Contreras. First, Silver City had a policy that it would not criminally investigate an officer. Instead, Silver City had a policy of referring criminal investigations to an outside law enforcement agency while conducting an internal affairs investigation. Pursuant to Silver City policy, in referring criminal investigations to an outside agency, Reynolds' would not inform the agency of any facts related to the criminal act. Neither Chief Reynolds nor Captain Villalobos told Nikki Bascom that they would not investigate Contreras criminally. When Nikki Bascom reported Contreras' criminal act to Grant County Deputy Arrellano, he did nothing because she had already told another agency (Silver City) about the criminal act. Second, all defendants knew that Nikki Bascom wanted Contreras out of her house. Contreras had no right to be in her house and was a trespasser and a felon, having illegally entered her home.

Plaintiff alleges a deprivation of Fourth Amendment rights in Contreras' stop of Nikki and the taking of her cell phone, and Silver City's ratification of the stop and in all defendants' approval, acquiescence and ratification of Contreras' illegal entry into Bascom's home. Plaintiff alleges a Fourth Amendment violation in Contreras' killing of Nikki. Plaintiff alleges a Fourteenth Amendment equal protection violation in the treatment of her differently from a crime victim who did not have a relationship with a law enforcement officer. Plaintiff contends that the failure of

4

Chief Reynolds to arrest Contreras was arbitrary, capricious and shocking to the conscience. Plaintiff contends all defendants violated their statutory duties as law enforcement officers, were negligent, and that this negligence led to the death of Nikki Bascom. Plaintiff further alleges claims for loss of consortium.

## DEFENDANTS' CONTENTIONS

Silver City Defendants generally deny plaintiffs' allegations that any act or failure to act on their part resulted in any harm to plaintiffs or their decedent.  More specifically, Silver City Defendants hired Mark Contreras as a police officer in 2001.  He passed an FBI background check and pre-academy psychological screening.  He was generally well-regarded as a police officer during his employment with the Silver City Police Department and had no serious performance issues during the majority of his employment.  At all times preceding Ms. Bascom's death, Silver City Defendants were unaware of the domestic violence Plaintiffs now allege; indeed, Ms. Bascom denied any such domestic violence to even her closest friends and family.   Although it is easy to view the situation with the benefit of hindsight, this is not the appropriate analytical framework, and Silver City Defendants did not have this luxury on April 21, 2016.  Silver City Defendants were forced to react to a dynamic, rapidly developing situation involving Contreras' actions, and did so in a manner constituted with their constitutional and legal obligations.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan:

*List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony.  It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."*

**Plaintiff's Witnesses:**

    1. Karri Dalton
       c/o Ives & Flores, PA
       925 Luna Circle NW

5

Albuquerque, NM 87102
Phone No. (505) 364-3858

And

Kennedy Law Firm, PC
1000 2nd St. NW
Albuquerque, NM 87102
Phone No. (505) 244-1400

Ms. Dalton is expected to testify as to her knowledge of the events detailed in the Complaint. Ms. Dalton is also expected to testify as to her knowledge of Nikki Bascom's relationship with Marcello Contreras, as well as the way in which Nikki's murder has effected Karri Dalton's grandchildren, M.B. and A.C.

2. Jory Bascom
   509 Los Pinos
   Silver City, NM 88061
   Phone No. (575) 956-7081

   Jory Bascom is Nikki Bascom's brother. Jory Bascom is expected to testify as to his knowledge of the events detailed in the Complaint.

3. Bob Dalton
   P.O. Box 9
   Vernal, Utah 84078
   Phone No. (935) 828-1123

   Bob Dalton is Nikki Bascom's grandfather. Bob Dalton is expected to testify as to his knowledge of the events detailed in the Complaint.

4. Agent Moises Moscoro
   4055 Sonoma Ranch Rd.
   Las Cruces, New Mexico
   Phone No. 575-636-7990
   Phone No. 575-382-2546

   Agent Moises Moscoro is expected to testify as to his knowledge of the events detailed in the Complaint.

5. Jennifer White
   Work Address:
   Hidalgo Medical Services
   Address: 530 E. DeMoss Street
   Lordsburg, NM 88045
   Phone No. 575-956-5904

Jennifer White is a former co-worker of Nikki Bascom. She is expected to testify as to her knowledge of the events detailed in the Complaint.

6. Lori Wallon
   Work Address:
   Hidalgo Medical Services
   Address: 530 E. DeMoss Street
   Lordsburg, NM 88045
   Phone No. 575-543-5574

   Lori Wallon is a former co-worker of Nikki Bascom. She is expected to testify as to her knowledge of the events detailed in the Complaint.

7. AJ Lindsey
   Ed Reynolds Ex-Wife
   575-388-3121
   Address unknown

   A.J. Lindsey is Ed Reynolds ex-wife. She is expected to testify as to her knowledge of the events detailed in the Complaint.

8. Rachel Sierra
   El Refugio
   800 S Robert St.
   Silver City, NM 88061
   (575-538-2125

   Rachel Sierra is a manager at El Refugio. She is expected to testify as to her knowledge of the events detailed in the Complaint.

9. Tammy Dean
   El Refugio
   800 S Robert St.
   Silver City, NM 88061
   575-538-2125

   Tammy Dean is a case worker at El Refugio. She is expected to testify as to her knowledge of the events detailed in the Complaint.

10. Darrick Nelson
    26 Cold Springs Ranch Rd.
    Silver City, NM
    Phone No. 361-688-4436

    Darrick Nelson was Nikki Bascom's boss at Hidalgo Medical Services. He is expected to testify as to his knowledge of the events detailed in the Complaint.

11. Tami Armijo
    Phone number unknown
    2711 N. Leslie Rd.
    Silver City 88061

    Tami Armijo is Mark Contreras' ex-wife. She is expected to testify as to her knowledge of the events detailed in the Complaint.

12. Kelli Sierras
    Phone No. (575) 405-6943
    1304 Serena Court
    Silver City, NM 88061

    Kelli Sierras was a close friend of Nikki Bascom. She is expected to testify as to her knowledge of the events detailed in the Complaint.

13. Brent Bascom
    P.O. Box 318
    Jensen, UT 84035
    Phone number: (970) 250-2928

    Brent Bascom is Nikki Bascom's father. He is expected to testify as to his knowledge of the events detailed in the Complaint.

14. Ed Reynolds - Silver City Police Department Police Chief
    1011 N Hudson St.
    Silver City, NM 88061
    Phone: (575) 538-3723

    Police Chief Ed Reynolds is expected to testify as to his knowledge of the events detailed in the Complaint.

15. Captain Ricky Villalobos - Silver City Police Department
    1011 N Hudson St.
    Silver City, NM 88061
    Phone: (575) 538-3723

    Captain Ricky Villalobos is expected to testify as to his knowledge of the events detailed in the Complaint.

16. Silver City Police Department administrators, agents and employees
    1011 N Hudson St.
    Silver City, NM 88061
    Phone: (575) 538-3723

    Silver City Police Department administrators, agents and employees are expected to testify as to their knowledge of the events detailed in the Complaint.

17. Deputy Frank Gomez - Grant County Sheriff's Department
    1400 Highway 180 East
    Silver City, NM 88061
    Phone (575) 574-0000

    Deputy Frank Gomez is expected to testify as to his knowledge of the events detailed in the Complaint.

18. Deputy Jacob Villegas - Grant County Sheriff's Department
    1400 Highway 180 East
    Silver City, NM 88061
    Phone (575) 574-0000

    Deputy Jacob Villegas is expected to testify as to his knowledge of the events detailed in the Complaint.

19. Deputy Adam Arellano - Grant County Sheriff's Department
    1400 Highway 180 East
    Silver City, NM 88061
    Phone (575) 574-0000

    Deputy Adam Arellano is expected to testify as to his knowledge of the events detailed in the Complaint.

20. Grant County Sheriff's Department administrators, agents and employees
    1400 Highway 180 East
    Silver City, NM 88061
    Phone (575) 574-0000

    Grant County Sheriff' Department administrators, agents and employees are expected to testify as to their knowledge of the events detailed in the Complaint.

21. Deputy Adam Arellano - Grant County Sheriff's Department
    1400 Highway 180 East
    Silver City, NM 88061
    Phone (575) 574-0000

    Deputy Adam Arellano is expected to testify as to his knowledge of the events detailed in the Complaint.

22. Sergeant Michael Yost - Grant County Sheriff's Department
    1400 Highway 180 East
    Silver City, NM 88061
    Phone (575) 574-0000

      Sergeant Michael Yost is expected to testify as to his knowledge of the events detailed in the Complaint.

23. Amy Burns
    Phone number: (575) 956-3775

    Amy Burns is expected to testify as to her knowledge of the events detailed in the Complaint.

24. Any witness identified and/or yet to be identified by Defendants, subject to objection;

25. Any witness identified and/or yet to be identified in discovery, subject to objection;

26. Any witness necessary for rebuttal; and

27. Any witness necessary to establish a foundation or authenticate evidence.

28. Plaintiff reserves the right to call any other witness identified at a later date.

**Silver City Defendants' Witnesses:**

1. Chief Ed Reynolds
   Silver City Police Department

2. Captain Ricky Villalobos
   Silver City Police Department

3. Sergeant Joseph Arredondo
   Silver City Police Department

4. Captain Freddie Portillo
   Silver City Police Department

5. Captain Javier Hernandez (Ret.)
   Silver City Police Department

6. Lieutenant James Cruzan
   Silver City Police Department

7. Detective Christine Starr (Ret.)
   Silver City, NM

   These officers are expected to testify as to their knowledge regarding allegations contained in Plaintiff's Amended Complaint.

8. Sergeant Frank Gomez

      Grant County Sheriff's Department

9. Deputy Jacob Villegas
     Grant County Sheriff's Department

10. Detective Adam Arrellano
     Grant County Sheriff's Department

11. Sergeant Michael Yost
     Grant County Sheriff's Department

    These officers are expected to testify as to their knowledge regarding allegations contained in Plaintiff's Amended Complaint.

12. Agent Moises Mascorro
     New Mexico State Police

    Agent Mascorro is expected to testify as to his knowledge regarding the allegations contained in Plaintiff's Amended Complaint.

13. Tammy Dean
     El Refugio, Inc.
     Silver City, NM

    Ms. Dean is expected to testify regarding her interactions with Nikki Bascom on the day of the incident giving rise to this lawsuit.

14. Kelli Sierras
     Silver City, NM

15. Chris Sierras
     Silver City, NM

    Kelli and Chris Sierras are expected to testify as to their knowledge regarding the allegations contained in Plaintiff's Amended Complaint and their interactions with Nikki Bascom and Mark Contreras on the day of the incident giving rise to this lawsuit.

16. Derrick Nelson, MD
     Silver City, NM

    Dr. Nelson is expected to testify regarding his interactions with Nikki Bascom and Mark Contreras.

17. Kari Dalton
     c/o Kennedy Kennedy & Ives

> Ms. Dalton is expected to testify as to her knowledge regarding the allegations contained in Plaintiff's Amended Complaint.

18. Any witness identified or called by Plaintiff and/or Co-Defendant or through discovery.

19. Any witness necessary to authenticate or provide foundation necessary for the admission of any evidence.

**Estate of Marcello Contreras' Witnesses:**

1. Any witness identified by the parties or called by the parties or identified through discovery.

2. Any witness necessary for rebuttal.

3. Any witness necessary to authenticate documents or provide foundation for evidence.

4. The Estate of Marcello Contreras reserves the right to call any other witness identified at a later date

**Plaintiffs' Exhibits:**

There are various police reports, records and video recordings that are relevant to the complaint. Plaintiff has made no decision on exhibits for trial.

**Silver City Defendants' Exhibits:**

Silver City Defendants generally identify the documents previously produced in response to Plaintiff's discovery requests, Bates Nos. TOSC 000001-001560.  Silver City Defendants further identify documents produced by Plaintiff and Grant County Defendants as potential exhibits.  Silver City Defendants will further identify potential exhibits as discovery progresses.

**Plaintiffs' Experts:**

Plaintiffs have yet to identify any experts who will testify at trial but reserve the right to do so and to supplement this disclosure in accordance with the Court's orders, the Federal Rules of Civil Procedure, and the local rules of this District.

**Defendants' Experts:**

Silver City Defendants have made no decisions regarding experts at this time, and reserve the right to name experts in accordance with the Court's scheduling order and the Federal Rules of Civil Procedure.

The Estate of Marcelo Contreras has made no decision regarding experts at this time, and reserve the right to name experts in accordance with the Court's scheduling order and the Federal Rules of Civil Procedure.

**Provision Discovery Plan:**

Discovery will be needed on the following subjects:  Plaintiffs' claims and damages as asserted in the Complaint, as well as Defendants' defenses as asserted in their answer.

Maximum of 25 interrogatories by each side to any other side.  (Responses due 30 days after service).

Maximum of 25 requests for production by each side to any other side.  (Responses due 30 days after service).

Maximum of 25 requests for admission by each side to any other side.  (Responses due 30 days after service).

Maximum of 10 depositions by Plaintiff(s) and 10 by Defendant(s).

Each deposition, other than of parties and experts, limited to maximum of 4 hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

    from Plaintiff(s) by November 12, 2021

    from Defendant(s) by December 17, 2021

Supplementation under Rule 26(e) due 30 days before the close of discovery.

All discovery commenced in time to be complete by February 4, 2022.

Other Items:  N/A.

## PRETRIAL MOTIONS

Plaintiffs intends to file: Dispositive Motions; Motions in Limine; Discovery Motions (if necessary); and Daubert Motions (if necessary).

Silver City Defendants intend to file: Motion for Summary Judgment; motions as necessary regarding discovery; motions *in limine; Daubert* motions.

The Estate of Marcelo Contreras may file Motion for Summary Judgment, motions *in limine*, and whatever discovery motions are necessary.

## ESTIMATED TRIAL TIME

The parties estimate trial will require 5 days.

____ This is a non-jury case.

XXX This is a jury case.

The parties request a pretrial conference one month before trial or as otherwise directed by the Court.

## SETTLEMENT

The possibility of settlement at this juncture is unknown. The parties are conferring regarding the potential efficacy of a settlement conference, and will advise the Court regarding their need for a settlement conference within 30 days.

## EXCEPTIONS

None.

APPROVED:

IVES & FLORES, PA

/s/ Laura Schauer Ives
Laura Schauer Ives
925 Luna Circle NW
Albuquerque, NM 87102
(505) 364-3858

laura@nmcivilrights.com

THE KENNEDY LAW FIRM, PC

/s/ Joseph P. Kennedy
Joseph P. Kennedy
1000 2nd Street NW
Albuquerque, NM 87102
Phone: (505) 244-1400
Fax: (505)244-1406
jpk@civilrightslaw.com

*Attorneys for plaintiffs*

JARMIE & ROGERS, P.C.

/s/ Cody R. Rogers
Cody R. Rogers
2540 El Paseo Road Suite D
Las Cruces, New Mexico 88011
(575) 288-1453
crogers@jarmielaw.com
*Attorneys for Silver City Defendants*

MILLER STRATVERT, P.A.

/s/ Luke A. Salganek
Luke A. Salganek
P.O. Box 1986
Santa Fe, N.M. 87504-1986
(505) 995-6405 (Direct)
(505) 989-9614 (Main)
(505) 989-9857 (Fax)
lsalganek@mstlaw.com

*Attorney for the Estate of Marcello Contreras*