## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

KARRI DALTON, *as personal*
*representative of* THE ESTATE OF
NIKKI BASCOM, *deceased, and next*
*of friend to* M.B., *a minor child*, and
A.C., *a minor child*,

      Plaintiff,

v.                                        Civ. No. 17-1143 WJ/GBW

TOWN OF SILVER CITY, *et al.*,

      Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART
## PLAINTIFF'S MOTION TO COMPEL

THIS MATTER comes before the Court on Plaintiff's Motion to Compel (*doc. 56*) pursuant to the parties' agreement for the Court to rule on the Motion *de novo* instead of resolving Plaintiff's objections (*doc. 132*) to its earlier order (*doc. 123*) on the Motion, *see doc. 190* at 2. Having reviewed the Motion and its attendant briefing (*docs. 65, 69*), having conducted a hearing on the Motion (*doc. 197*), and being otherwise fully advised in the premises, the Court GRANTS the Motion IN PART and DENIES it IN PART.

## I.    BACKGROUND

This case arises from the killing of Nikki Bascom by Marcello Contreras—her former boyfriend and an officer in the Silver City Police Department ("SCPD")—and

the alleged failure of the Silver City Defendants[1] and other law enforcement officers and agencies to protect Ms. Bascom from Mr. Contreras. *See generally doc. 1-2.* The claims against the Silver City Defendants include equal protection claims for discriminatory police protection. *Id.* at ¶¶ 236–241.

On March 7, 2019, the Court denied the Silver City Defendants summary judgment on Plaintiff's equal protection claims. *Doc. 110* at 24. With respect to Plaintiff's claims against Defendants Reynolds and Villalobos, it found that "Ms. Bascom received disparate treatment compared to other domestic violence victims" and that a genuine issue of material fact existed as to whether these two Defendants had "acted at least in part 'because of' not merely 'in spite of' the differential treatment of Ms. Bascom." *Id.* at 14 (emphasis omitted) (quoting *SECSYS, LLC v. Vigil*, 666 F.3d 678, 685 (10th Cir. 2012)). As for Plaintiff's claim of municipal liability against Defendant Town of Silver City under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Court found that there was a genuine issue of material fact as to whether "the Town of Silver City had a policy of providing less protection to victims of domestic violence whose assailants were officers of SCPD than to other domestic violence victims" and that such a policy would be "discriminatory on [its] face" if it existed. *Id.* at 13–14. The Tenth Circuit affirmed the Court's decision on interlocutory appeal, *doc. 182-1* at 2. The

---

[1] The Silver City Defendants are Defendants Town of Silver City, Ed Reynolds, and Ricky Villalobos.

2

Supreme Court has not yet ruled on the Silver City Defendants' petition for a writ of certiorari. *See doc. 195.*

Before the Court stayed discovery for the pendency of its adjudication of other Defendants' motion for summary judgment on their qualified immunity defense and the Tenth Circuit's adjudication of the Silver City Defendants' interlocutory appeal, *see docs. 39, 124*, Plaintiff served Defendant Town of Silver City with her first federal[2] set of interrogatories and requests for production, *see docs. 24.* She requests Defendant to produce the following documents: (i) "a complete roster of all SCPD officers (identifying each officer by full name, rank, and home address) from January 1, 2008[,] to present," *doc. 56-3* at 2 (Req. for Produc. No. 1); (ii) dispatch records created on or after January 1, 2008, for all calls for service in which the address of the call matches an address in the roster, *id.* at 3 (Req. for Produc. No. 2); (iii) every incident report that is associated with the above dispatch records or in which the address listed in any person field matches that of SCPD, *id.* at 4–5 (Reqs. for Produc. Nos. 3 & 4); (iv) a computer aided dispatch ("CAD") report for any dispatch records in which the original call type classification has been changed from requesting public service to any other call type since January 1, 2008, *id.* at 9 (Req. for Produc. No. 17); (v) every internal affairs record generated or maintained by SPCD on or after January 1, 2008, *id.* at 6 (Req. for Produc.

---

[2] Plaintiff also served Defendant Town of Silver City with requests for production in state court prior to removal. *See doc. 56-1.*

No. 5); (vi) every document created on or after January 1, 2008, pursuant to Internal Affairs Policies III(B)(4), (B)(7), (F)(5), (H)(3)(e), and (I)(vii), *id.* at 7 (Reqs. for Produc. Nos. 7–11); and (vii) all records of any case investigated by SCPD pursuant to any formal or informal agreement between SCPD and the Grant County Sherriff's Office, *id.* at 10 (Req. for Produc. No. 18).

Plaintiff also requests Defendant Town of Silver City to provide her with the following information: (i) the name and rank of every SCPD officer who has been demoted, placed on administrative leave, suspended, or terminated for disciplinary reasons since January 1, 2008, and the reason for demotion, suspension, termination, or placement on administrative leave, *doc. 56-4* at 2–4 (Interrogs. Nos. 1–4); (ii) a description of every instance in which a person has contacted Defendant Reynolds or Defendant Villalobos to report any misconduct by any SCPD officer, *id.* at 6 (Interrog. No. 8); and (iii) the person who conducted each electronic search for materials responsive to each of the first federal requests for production, the database searched, and the search parameters used to do so, *id.* at 5 (Interrog. No. 7).

Defendant Town of Silver City objects to these discovery requests as irrelevant, overbroad, and unduly burdensome. *See generally docs. 56-3, 56-4.* After the parties' attempts to meet and confer did not resolve their discovery dispute, *see doc. 56-5,* Plaintiff moved the Court to compel the disputed discovery on July 9, 2018, *doc. 56.*

Defendant responded on August 3, 2018.  *Doc. 65*.  Briefing was complete on August 15, 2018, *doc. 70*, with the filing of Plaintiff's reply, *doc. 69*.

On March 29, 2019, the Court granted and denied Plaintiff's motion in part, and stated that it would "explain in writing the extent to which the Motion is alternately granted or denied, and the reasons therefor, when the stay occasioned by the interlocutory appeal is lifted."  *Doc. 123* at 1.  Plaintiff objected to this order on April 12, 2019.  *Doc. 132*.  The Silver City Defendants responded to her objections on April 25, 2019.  *Doc. 135*.  Briefing was complete on Plaintiff's objections on May 9, 2019 with the filing of Plaintiff's reply.  *Doc. 140*.  On July 28, 2021, the parties agreed for the Court to re-adjudicate the Motion *de novo* rather than resolve Plaintiff's objections.  *Doc. 190* at 2.

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure allow parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  They also afford the Court "wide discretion in balancing the needs and rights of [the parties]."  *OsteoStrong Franchising, LLC v. Richter*, Civ. No. 18-1184 KWR/JFR, 2020 WL 7872786, at *4 (D.N.M. Jan. 30, 2020) (unpublished) (quoting *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995)).

Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on[,] any party's claim or

defense." *Keller v. Arrieta*, Civ. No. 20-259 KG/SCY, 2021 WL 3169229, at *2 (D.N.M.

July 27, 2021) (unpublished) (quoting *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 469

(D.N.M. 2018)); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  This

standard "reflect[s] the courts' and Congress' recognition that 'mutual knowledge of

all the relevant facts gathered by both parties is essential to proper litigation.'" *Tolbert*

*v. Gallup Indian Med. Ctr.*, No. CIV 19-0830 JB/LF, 2021 WL 3641945, at *14 (D.N.M.

Aug. 17, 2021) (unpublished) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).  The

party seeking discovery bears burden of demonstrating its relevance.  *Id.* at *20.

Proportionality imposes a limit on the discoverability of relevant information.  It

depends on a multitude of factors: "the importance of the issues at stake in the action,

the amount in controversy, the parties' relative access to relevant information, the

parties' resources, the importance of the discovery in resolving the issues, and whether

the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R.

Civ. P. 26(b)(1).  It reflects the notion that "the Court is not required to permit the

parties to engage in fishing expeditions in the hope of supporting their claims."  *Melo-*

*Fernandez v. Bearden*, CV 20-0081 SCY/JHR, 2020 WL 7353880, at *2 (D.N.M. Dec. 15,

2020) (unpublished) (citing *Landry v. Swire Oilfield Servs., LLC*, 323 F.R.D. 360, 375

(D.N.M. 2018)).

III.    **ANALYSIS**

Responses—in full or in part—are warranted to all the disputed discovery requests except for Request for Production No. 1 and Interrogatory No. 7.  Before detailing the required responses, though, some elaboration is warranted on (A) the scope of information and documentation relevant to Plaintiff's claim of discriminatory police protection; and (B) the extent to which producing this discovery poses an undue burden on Defendant Town of Silver City—since Defendant objects to all the requested discovery on the grounds that it is irrelevant, overbroad, and unduly burdensome.  *See generally docs. 56-3, 56-4.*  In its elaboration, the Court will also lay out the limiting principle and temporal scope that it will apply to Plaintiff's discovery requests to cure them of their overbreadth.

A.  MUCH OF PLAINTIFF'S REQUESTED DISCOVERY IS OVERBROAD IN SUBSTANTIVE AND TEMPORAL SCOPE

Many of Plaintiff's discovery requests are overbroad—most in substance, others in temporal scope, and a few in both.  A discovery request is overbroad where its sweep includes information or documentation that does not bear, or reasonably lead to other matter bearing, on a party's claim or defense.  *See Keller*, 2021 WL 3169229, at *2–3; *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008).  When confronted with an overbroad discovery request, the Court has the discretion to deny it or narrow it down and tailor it to exclude irrelevant information.  *See Zuniga v. TrueAccord*, No.

2:18-cv-00683-KG-KRS, 2019 WL 6528759, at *3 (D.N.M. Dec. 4, 2019) (unpublished)

(citing *Regan-Touhy*, 526 F.3d at 649–50, and *Punt v. Kelly Servs.*, 862 F.3d 1040, 1046–47

(10th Cir. 2017)).

Substantively, Plaintiff propounded her discovery requests to identify other

instances in which SCPD officers treated the victims of domestic violence and other

crimes by SCPD officers differently than other crime victims.  *See doc. 56* at 6, 9, 11–14;

*doc. 69* at 1, 4.  Such instances bear directly on an element of Plaintiff's *Monell* claim

against Defendant Town of Silver City: whether SCPD has a policy or custom of

providing less protection to victims of crimes committed by SCPD officers.  *See Watson

v. City of Kansas City*, 857 F.2d 690, 695 (10th Cir. 1988).  Any instances in which

Defendants Reynolds and Villalobos were personally involved also bear directly on an

element of Plaintiff's individual claims against them: whether these Defendants acted

with discriminatory intent when they failed to protect Ms. Bascom from Mr. Contreras.

*See Vigil*, 666 F.3d at 686 (explaining that a discriminatory pattern is evidence of

discriminatory intent).

To discover these instances, though, Plaintiff requests information, records, and

other documentation which sweep across all potential misconduct engaged in by SCPD

officers.  *See, e.g., doc. 56-3* at 2; *doc. 56-4* at 2–4.[3]  Given Plaintiff's equal protection

---

[3] Indeed, in the effort to collect this information, some of Plaintiff's requests are not even limited to
misconduct.  *See doc. 56-3* at 2 (Req. for. Produc. No. 1).

theory, the relevant misconduct is limited to that which would be outside of the performance of official duties, be potentially criminal in nature, and involve a victim. Beyond that, information and documentation about SCPD officers would not reasonably lead to the discovery of other instances of discriminatory SCPD protection that are relevant to Plaintiff's equal protection claims.  Therefore, the Court will limit the scope of Plaintiff's discovery requests to information and documentation relating to conduct by a SCPD officer, not committed in performance of official duties, that could constitute, or could lead to an investigation of, a crime against a person.[4]

Temporally, a few of Plaintiff's discovery requests, *see doc. 56-4* at 6 (Interrog. No. 8); *doc. 56-3* at 10 (Req. for Produc. No. 18), are overbroad because they lack any temporal limitation, *see Flowers v. Matheson Tri-Gas, Inc.*, Civ. No. 19-148 RB/SCY, 2020 WL 1889108, at *2 (D.N.M. Apr. 16, 2020) (unpublished); *Olivo v. Crawford Chevrolet, Inc.*, Civil No. 10-782 BB/LFG, 2011 WL 12687969, at *5 (D.N.M. Apr. 20, 2011) (unpublished).  Several district courts have approved temporal scopes in excess of ten years for discovery requests that seek to identify other instances of police misconduct to support a *Monell* claim.  *See Benitez v. Lopez*, 372 F. Supp. 3d 84, 89 (E.D.N.Y. 2018) (rejecting a ten-year limitation on requests to produce complaints of police

---

[4] Per the parties' and the Court's discussion at the hearing, this limiting principle is to be construed liberally and inclusively.  Where it is a close call whether a SCPD officer's conduct falls within the scope of this principle, discovery relating to that conduct should be produced or an *in camera* review by the Court requested.  *Doc. 197* at 4.

misconduct); *Nunez v. City of New York*, No. 11 Civ. 5845(LTS)(JCF), 2013 WL 2149869,

at *4 (S.D.N.Y. May 17, 2013) (unpublished) (compelling the production of more than

thirteen years' worth of police files on officers' use of force).  Since Plaintiff's discovery

was propounded in 2018, *see doc. 24*, and most of it requests information and

documentation from January 1, 2008, onwards, *see, e.g.*, *doc. 56-3* at 2–3, 5; *doc. 56-4* at 2–

4, the Court therefore will limit the temporal scope of all discovery requests to the

period of January 1, 2008, to December 31, 2018.

   B.  PLAINTIFF'S PROPOUNDED DISCOVERY

        Defendant Town of Silver City has not shown that any of Plaintiff's discovery

requests are unduly burdensome.  Unless discovery is overbroad on its face,

> [t]he party resisting [it] as unduly burdensome bears [the] burden of showing
> facts demonstrating that the time or expense involved in responding to requested
> discovery is unduly burdensome; this includes the obligation to provide
> sufficient detail and explanation about the nature of the burden in terms of time,
> money, and procedure required to produce the requested documents.

*Dentsply Int'l, Inc. v. Lewis & Roca, LLP*, No. 1:12-CV-00104-MCA/ACT, 2013 WL

12246642, at *3 (D.N.M. May 21, 2013) (unpublished) (citing *Gen. Elec. Cap. Corp. v. Lear*

*Corp.*, 215 F.R.D. 637, 641 (D. Kan. 2003)).  Generally, the resisting party discharges this

burden "by submitting affidavits or offering evidence revealing the nature of the

burden."  *Id*. at *4 (citing *DIRECTV, Inc. v, Puccinelli*, 224 F.R.D. 667, 688–89 (D. Kan.

2004)).  Defendant has provided no evidence of the specific financial and temporal costs

that responding to Plaintiff's discovery requests entails.  *See generally doc. 65*.  Therefore, it has not borne its burden of showing that these costs are undue.

C.  RULINGS ON PARTICULAR DISCOVERY REQUESTS

Turning to the discovery requests themselves, Defendant Town of Silver City must respond in full to Requests for Production Nos. 2–3, and in part to Interrogatories Nos. 1–4, 8 and Requests for Production Nos. 4–5, 7–11, and 17–18.  No response is warranted to Interrogatory No. 7 or Request for Production No. 1.  Instead, the parties are directed to meet and confer about the search methodologies that Defendant Town of Silver City will use to identify and produce responsive information and documentation.

1.  *Interrogatories Nos. 1-4*

Defendant Town of Silver City must respond in part to Interrogatories Nos. 1-4 by producing the identity of each SCPD officer who was demoted, suspended, placed on administrative leave, or terminated from January 1, 2008, to December 31, 2018, for conduct, not committed in performance of official duties, that could constitute, or could lead to an investigation of, a crime against a person; and (ii) the reasons for each identified officer's demotion, suspension, termination, or placement on administrative leave.  Plaintiff requests this information for a broader set of SCPD officers: every officer that has been demoted, suspended, placed on administrative leave, or terminated for

disciplinary reasons since January 1, 2008.  *Doc. 56-4* at 2–4.  Per the Court's elaboration above, this request is overbroad since its sweep includes the identities of officers—e.g., those disciplined for insubordination—that do not reasonably contribute to the discovery of other instances of discriminatory police protection.

>    2.  *Interrogatory No. 7*

No response to Interrogatory No. 7 is required since it requests discovery-on-discovery that is inappropriate at this time.  This interrogatory asks Defendant to identify the following for each electronic search conducted for materials responsive to Plaintiff's first federal requests for production: "the person conducting the search, the database or system searched, [and] the search parameters used, including date ranges, fields, and exact search terms."  *Id.* at 5.

"'[M]eta-discovery' or discovery about discovery 'should be closely scrutinized in light of the danger of extending the already costly and time-consuming discovery process *ad infinitum*.'"  *In re Liptor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prods. Liab. Litig.*, No. 2:14-mn-02502-RMG, 2014 WL 12621613, at *1 (D.S.C. Nov. 13, 2014) (unpublished) (quoting *Freedman v. Weatherford Int'l Ltd.*, No. 12 Civ. 2121(LAK)(JCF), 2014 WL 4547039, at *2 (S.D.N.Y. Sept. 12, 2014) (unpublished)).  Courts like this one agree, though, that discovery on the process that a party used to respond to discovery request is appropriate where there is reasonable doubt about the sufficiency of a party's response.  *See F.F.T., LLC v. Sexton*, No. 1:19-cv-03027-RLY-MJD, 2020 WL 3258623, at *3

(S.D. Ind. June 15, 2020) (unpublished); *Ruiz-Bueno v. Scott*, No. 2:12-cv-0809, 2013 WL 6055402, at *4 (S.D. Ohio Nov. 15, 2013) (unpublished); *S2 Automation LLC v. Micron Tech., Inc.*, No. CIV 11-0884 JB/WDS, 2012 WL 3656454, at *32 (D.N.M. Aug. 9, 2012) (unpublished); *see generally* Hon. Craig B. Shaffer, *Deconstructing "Discovery about Discovery,"* 19 Sedona Conf. J. 215 (2018) (gathering cases). A few courts have also authorized this discovery where progress in discovery has become "glacial" due to a breakdown in the collaborative process. *See, e.g., Crocs, Inc. v. Effervescent, Inc.*, Civil Action No. 06-cv-00605-PAB-KMT, 2017 WL 1325344, at *8–9 (D. Colo. Jan. 3, 2017) (unpublished), *objections overruled by* 2017 WL 1325171 (D. Colo. Feb. 24, 2017) (unpublished); *Ruiz-Bueno*, 2013 WL 6055402, at *4.

Discovery on the search methodologies that Defendant Town of Silver City used to respond to each one of Plaintiff's first federal requests for production is inappropriate at this time. Plaintiff has not shown that there is reason to doubt the sufficiency of Defendant's responses to *these* requests. Defendant answered less than a third of them and objected to the rest. *See generally doc. 56-3.* Plaintiff has not disputed the sufficiency of these answers. *See generally doc. 56.*

Rather, Plaintiff argues that reasonable doubt about Defendant Town of Silver City's compliance with all discovery exists because, while this case was in state court, Defendant denied having records responsive to a request for production of documents reflecting criminal allegations against SCPD officers since 2006, and Defendant

Reynolds subsequently testified that, since that date, two officers had been accused of domestic violence and two officers had been the subject of criminal investigations.  *See doc. 56* at 7 (citing *doc 56-1* at 2–3, and *doc. 56-2* at 73:23–75:20).  The tension between Defendants Town of Silver City and Reynolds' sworn statements casts some doubt on the former's response to the state court request for production.  This discovery response, though, is separate and distinct from the responses to Plaintiff's federal requests for production that fall within the ambit of Interrogatory No. 7.  It is not a sufficient basis to doubt the sufficiency of Defendant Town of Silver City's responses to the federal requests for production before Defendant has even answered most of them.

To move discovery along, though, parties are directed to meet and confer about the search methodologies that Defendant will use to identify and produce documents responsive to the unanswered federal requests for production.  At the start of discovery, the cooperative planning mandated by the Rule 26(f) meet and confer process includes jointly refining search terms and methodologies for electronically stored information ("ESI") and identifying the databases to be searched for this information.  *See HealthEdge Software, Inc. v. Sharp Health Plan*, No. 19-cv-11020-ADB, 2021 WL 1821358, at *3 (D. Mass. May 6, 2021) (unpublished); *Burnett v. Ford Motor Co.*, No. 3:13-cv-14207, 2015 WL 4137847, at *8 (S.D.W. Va. July 8, 2015) (unpublished); *Ruiz-Bueno*, 2013 WL 6055402, at *4.  Since the parties recently met and conferred about the discovery remaining after the lifting of the stay, *see doc. 194*, the Court finds it appropriate for them to supplement that

conference by cooperatively planning Defendant Town of Silver City's ESI searches. Furthermore, if a discovery dispute were to arise from the results of Defendant's searches, Defendant should disclose the terms and locations of its searches during any meet and confer process about that dispute as part of its burden of demonstrating that its searches were reasonable. *See HealthEdge Software*, 2021 WL 1821358, at *2; *Burnett*, 2015 WL 4137847, at *8; *Ruiz-Bueno*, 2013 WL 6055402, at *4

3. *Interrogatory No. 8*

Defendant Town of Silver City must respond in part to Interrogatory No. 8 by producing a description of each instance between January 1, 2008, and December 31, 2018, in which a person contacted Defendant Reynolds or Defendant Villalobos to report conduct by a SCPD officer, not committed in performance of official duties, that could constitute, or could lead to an investigation of, a crime against a person. Plaintiff requests this information for a broader set of instances: every instance in which any person has ever contacted Defendant Reynolds or Defendant Villalobos to report any misconduct by a SCPD officer. *Doc. 56-4* at 6. As the Court elaborated above, this request is overbroad since it lacks a temporal limitation, and its substantive sweep includes misconduct—e.g., driving under the influence of alcohol—that does not reasonably contribute to the discovery of other instances of discriminatory police protection.

Defendant Town of Silver City notes that it "did not maintain any responsive records for complaints other than those contained in written form." *Doc. 65* at 8.  Rule 33(b)(1)(B), though, requires Defendant to "furnish the information available to [it]." Fed. R. Civ. P. 33(b)(1)(B).  This information is not limited to that which is maintained in the ordinary course of business or otherwise known and immediately available. *Oklahoma v. Tyson Foods, Inc.*, 262 F.R.D. 617, 629 (N.D. Okla. 2009); *Miller v. Doctor's Gen. Hosp.*, 76 F.R.D. 136, 140 (W.D. Okla. 1977).  Rather, it extends to information that Defendant may obtain with reasonable effort, including that held by agents, representatives, current employees, and former employees.  *Nat'l Fire Ins. Co. of Hartford v. Jose Trucking Corp.*, 264 F.R.D. 233, 238 (W.D.N.C. 2010); *Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005); *Miller*, 76 F.R.D. at 140.

However, information is not obtainable with reasonable effort if it requires "undue labor and expense" to obtain.  *Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 357 (D. Md. 2012) (quoting 8B Charles Alan Wright et al., *Federal Practice & Procedure Civil* §§ 2174, 2177 (3d ed. 2012)).  Defendant "is not required to make an extensive investigation," *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 282 (N.D. Tex. 2017), or "do [Plaintiff's] investigation for [her]," *Olmert v. Nelson*, 60 F.R.D. 369, 370 (D.D.C. 1973).  If, after exerting a reasonable effort, Defendant "lacks necessary information to make a full, fair and specific answer to [this] interrogatory, it should so

16

state under oath and should set forth in detail the efforts made to obtain the

information."  *Miller*, 76 F.R.D. at 140.

    4.  *Requests for Production Nos. 1-3*

Defendant Town of Silver City must respond in full to Requests for Production

Nos. 2–3 by producing (i) all dispatch records between January 1, 2008, and December

31, 2018, that document a call for service in which the address of the call matches that of

a SCPD officer; and (ii) all incident reports associated with these dispatch records.

Documents like these that contain information about SCPD officers' responses to 911

calls from SCPD officers' residences reasonably could lead to the discovery of other

instances of discriminatory police protection that are relevant to Plaintiff's equal

protection claims against the Silver City Defendants.

   No response to Request for Production No. 1 is warranted since a complete

response to Request for Production No. 2 renders Request for Production No. 1

duplicative.  In Request for Production No. 1, Plaintiff requests "a complete roster of all

SCPD officers (identifying each officer by full name, rank, and home address) from

January 1, 2008[,] to present," *doc. 56-3* at 2, as a means to obtain records for calls to

dispatch from the addresses of SCPD officers, *see doc. 56* at 11–12.  During the motion

hearing, Defendant Town of Silver City agreed to have the relevant dispatch authority

identify all dispatch records for calls from the addresses of SCPD officers (which

Defendant will supply to the authority) and to relay those records to Plaintiff in its

response to Request for Production No. 2.  *See doc. 197* at 5.  Since the purpose behind the request for the roster of SCPD officers may be realized without its production, the roster need not be produced.

5.  *Request for Production No. 4*

Defendant Town of Silver City must respond in part to Request for Production No. 4 by producing incident reports between January 1, 2008, and December 31, 2018, in which the address listed for any "person" field matches any of the following versions of the address of SCPD: 1011 N Hudson; 1011 N. Hudson; and 1011 North Hudson, and involves conduct by an SCPD officer not committed in performance of official duties, that could constitute, or could lead to an investigation of, a crime against a person.[5] Evidence in the record indicates that, on at least one occasion, SCPD officers have listed the department's address as the address for a police officer who committed a crime in that crime's police report.  *Doc. 56* at 12 n.2.  Therefore, production of this category of incident reports listing the department's address as the address of an involved person could lead to the discovery of other instances of discriminatory police protection that are relevant to Plaintiff's equal protection claims.

---

[5] If Defendant does not wish to undertake the burden of screening the reports for this second element, it may of course produce all reports with the SCPD address listed in the person field.

6. *Request for Production No. 5*

Defendant Town of Silver City must respond in part to Request for Production

No. 5 by producing all internal affairs records generated or maintained by SCPD

between January 1, 2008, and December 31, 2018, arising from conduct by a SCPD

officer, not committed in performance of official duties, that could constitute, or could

lead to an investigation of, a crime against a person.  Per the Court's elaboration above,

Plaintiff's request for the production of every internal affairs record during this period,

*see doc. 56-3* at 6, is overbroad since its sweep includes internal affairs records—e.g.,

those arising from a SCPD officer's insubordination—that do not reasonably contribute

to the discovery of other instances of discriminatory police protection.

7. *Requests for Production Nos. 7-11*

Defendant Town of Silver City must respond in part to Requests for Production

Nos. 7–11 by producing every document created between January 1, 2008, and

December 31, 2018, pursuant to Internal Affairs Policies III (B)(4), (B)(7), (F)(5), (H)(3)(e),

and (I)(vii) that relates to conduct by a SCPD officer, not committed in performance of

official duties, that could constitute, or could lead to an investigation of, a crime against

a person.  Per the Court's earlier elaboration, Plaintiff request for every document

created pursuant to these policies during this period, *see doc. 56-3* at 7, is overbroad

since its sweep includes documents—e.g., those arising from a SCPD officer driving

under the influence of alcohol—that do not reasonably contribute to the discovery of other instances of discriminatory police protection.

8. *Request for Production No. 17*

Defendant Town of Silver City must respond in part to Request for Production No. 17 by producing a CAD report for any dispatch records created between January 1, 2008, and December 31, 2018, in which the original call type classification has been changed from "Req Public Service" to any other call type, and involves conduct by an SCPD officer not committed in performance of official duties, that could constitute, or could lead to an investigation of, a crime against a person.[6]  The dispatch record from a 911 call by Ms. Bascom about Mr. Contreras was downgraded from a report of a domestic disturbance to a welfare check.  *Doc. 56-6.*  Dispatch records with similar downgrades in classification, therefore, could reasonably lead to the discovery of other instances of discriminatory police protection.

Request for Production No. 17 is not duplicative to Request for Production No. 2, which requests dispatch records for calls for service at the address of a SCPD officer. Overlap is possible between instances of discriminatory police protection identified by records for calls for service at the address of a SCPD officer and instances of discriminatory police protection identified by downgrades in classification.  But the

---

[6] If Defendant does not wish to undertake the burden of screening the reports for this second element, it may of course produce all reports with the classification change.

overlap is not necessarily perfect.  The latter could reasonably include calls from victims of crimes by SCPD officers at locations other than SCPD officers' addresses.

     9.  *Request for Production No. 18*

     Defendant Town of Silver City must respond in part to Request for Production No. 18 by producing records of any case investigated by SCPD, from January 1, 2008, to December 31, 2018, pursuant to any agreement (formal or informal) between SCPD and Grant County Sherriff's Office ("GCSO") arising from conduct by a SCPD officer, not committed in performance of official duties, that could constitute, or could lead to an investigation of, a crime against a person.  Plaintiff requests all records of any case ever investigated by SCPD under such an agreement.  *See doc. 56-3* at 10.  As the Court elaborated above, this request is overbroad since it lacks a temporal limitation, and its substantive sweep includes investigations—e.g., those of a GCSO deputy or a SCPD officer suspected of driving under the influence of alcohol—that do not reasonably contribute to the discovery of other instances of discriminatory police protection.

## IV.    CONCLUSION

     For the reasons above, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion to Compel (*doc. 56*).  IT IS HEREBY ORDERED that, **within thirty (30) days of the entry of this order**, Defendant Town of Silver City respond in full to

Requests for Production Nos. 2–3, and in part to Interrogatories Nos. 1–4, 8 and

Requests for Production Nos. 4–5, 7–11, and 17–18.  No response is warranted to

Interrogatory No. 7 or Request for Production No. 1.  IT IS FURTHER ORDERED that,

**within ten (10) days of the entry of this order**, the parties meet and confer about the

search methodologies that Defendant Town of Silver City will use to identify and

produce responsive information and documentation.

The parties shall bear their own expenses and attorney's fees since the

overbreadth of several of Plaintiff's discovery requests makes Defendant Town of

Silver City's opposition to her motion substantially justified.  *See* Fed. R. Civ. P.

37(a)(5).

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE